UNITED STATES, Appellee

v.

Jessie R. CAPERS, Interior Communications
Electrician First Class
U.S. Navy, Appellant

No. 05-0341

Crim. App. No. 200300245

United States Court of Appeals for the Armed Forces

Argued November 8, 2005

Decided December 22, 2005

EFFRON, J., delivered the opinion of the Court, in which GIERKE,
C.J., and CRAWFORD, BAKER, and ERDMANN, JJ., joined.


Counsel

For Appellant:  Lieutenant Steven C. Reyes, JAGC, USNR (argued);
Lieutenant Colin A. Kisor, JAGC, USNR.


For Appellee:  Lieutenant Kathleen A. Helmann, JAGC, USNR
(argued); Commander Charles N. Purnell, JAGC, USN (on brief);
Lieutenant Christopher J. Hajec, JAGC, USNR.


Military Judge:  Nels H. Kelstrom

THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Judge EFFRON delivered the opinion of the Court.

At a general court-martial composed of officer members, Appellant was convicted, contrary to his pleas, of rape, in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920 (2000).  He was sentenced to confinement for three years, forfeiture of all pay and allowances, and reduction to pay grade E-1.  The convening authority approved the sentence and suspended forfeiture of pay for six months.  The convening authority also waived automatic forfeitures for six months on the condition that the money be paid to the Appellant's wife.  The Court of Criminal Appeals affirmed the findings and sentence in an unpublished opinion.  United States v. Capers, No. NMCCA 200300245, 2005 CCA LEXIS 52, 2005 WL 408054, (N-M. Ct. Crim. App. Feb. 22, 2005).

On Appellant's petition, we granted review of the following issue:

> WHETHER THE LOWER APPELLATE COURT ERRED IN
> CONCLUDING THAT DEFENSE COUNSEL'S ERRONEOUS
> REQUEST TO SUSPEND FORFEITURES AND THE STAFF
> JUDGE ADVOCATE'S ERRONEOUS ADVICE
> RECOMMENDING SUCH ACTION DID NOT PREJUDICE
> APPELLANT WHEN HE WAS NOT ENTITLED TO PAY.

For the reasons set forth below, we affirm.

## I. BACKGROUND

Prior to the convening authority's action on the results of trial, Appellant submitted a clemency request under Rule for Courts-Martial (R.C.M.) 1105, asking the convening authority to set aside the verdict. In the alternative, Appellant asked the convening authority to "suspend confinement over 1 year and/or suspend the reduction in rate and forfeiture." The staff judge advocate (SJA) prepared a recommendation to the convening authority under R.C.M. 1106(d)(1), which recommended disapproval of the accused's clemency request.

Following service of the SJA's recommendation on Appellant and his counsel, the defense counsel submitted a supplemental clemency request, asking the convening authority to suspend forfeitures for six months for the benefit of Appellant's family. See R.C.M. 1106(f). The supplemental request included a letter from Appellant's wife, who noted that she was barely able to support their three children, and that they depended on Appellant's salary for basic necessities.

The SJA recommended that the convening authority grant the supplemental request. The convening authority agreed, ordering: (1) suspension of forfeitures for six months, and (2) waiver of automatic forfeitures for six months for the benefit of Appellant's family.

The clemency action was based on the erroneous premise that Appellant was entitled to pay. Because Appellant had completed his period of obligated service and was sentenced to confinement, he was not entitled to compensation. See Dep't of Defense, Financial Management Regulation vol. 7A, para. 480802 (2005). As a result, there was no pay to forfeit, which meant that no funds were available for Appellant's dependents, either through waived or suspended forfeitures. See United States v. Smith, 56 M.J. 271, 275 (C.A.A.F. 2002).

## II. DISCUSSION

Both the SJA and the defense counsel failed to consider the fact that Appellant was not entitled to pay. Appellant has not raised the issue of whether defense counsel's error constituted ineffective assistance of counsel. See United States v. Scott, 24 M.J. 186, 188 (C.M.A. 1987). Accordingly, we shall focus on the impact of the advice provided to the convening authority by the SJA.

If defense counsel does not make a timely comment on an error or omission in the SJA's recommendation, "the error is waived unless it is prejudicial under a plain error analysis." United States v. Scalo, 60 M.J. 435, 436 (C.A.A.F. 2005) (citing R.C.M. 1106(f); United States v. Kho, 54 M.J. 63, 65 (C.A.A.F. 2000)). Because Appellant did not object to the recommendation

of the SJA, we must determine whether there was error, whether it was plain, and whether it materially prejudiced a substantial right of the accused.  Scalo, 60 M.J. at 436 (citing Kho, 54 M.J. at 65; United States v. Powell, 49 M.J. 460, 463, 465 (C.A.A.F. 1998)).  With respect to an error in an SJA's post-trial recommendation, the prejudice prong involves a relatively low threshold -- a demonstration of "some colorable showing of possible prejudice."  Scalo, 60 M.J. at 436-37 (quoting Kho, 54 M.J. at 65; citing United States v. Wheelus, 49 M.J. 283, 289 (C.A.A.F. 1998)).  Our review is de novo.  Kho, 54 M.J. at 65. In that context, and under the circumstances of this case, we shall analyze the issue of prejudice directly, without regard to whether the lower court correctly applied the applicable standard.

The end of a person's period of obligated service is a fact readily available from service records routinely used in sentencing and post-trial action.  Review of such records would have informed the SJA that Appellant was not entitled to compensation, and that there were no funds available to benefit Appellant's dependents.  See, e.g., Smith, 56 M.J. at 275. Accordingly, the SJA's recommendation -- that the convening authority suspend adjudged forfeitures and waive automatic forfeitures to assist Appellant's family -- constituted a plain

and obvious error.  The critical issue before us is whether there has been a colorable showing of possible prejudice.

The colorable showing threshold is low, but the prejudice must bear a reasonable relationship to the error, and it must involve a reasonably available remedy.  See Scalo, 60 M.J. at 437.  Here, the convening authority sought to provide immediate, but limited assistance to the family during Appellant's first six months of imprisonment by diverting funds from compensation to which the Appellant might otherwise have been entitled.

Appellant has referred vaguely to the possibility that a properly informed convening authority might have provided an undefined amount of "reduced confinement" so that the Appellant, unconfined, could have assisted his family with their financial needs.  Appellant, who was convicted of forcible rape, was sentenced to confinement for three years.  Appellant does not identify any length of reduction that might reasonably have been provided by the convening authority under these circumstances. In particular, Appellant does not suggest that the convening authority would have considered freeing Appellant from confinement for a specific period of time at the outset of his sentence -- the period that was the focus of Appellant's supplemental request and the convening authority's attempt to provide assistance to the family.  Given the nature of Appellant's offense, the period of adjudged confinement, and

6

Appellant's inability to identify a remedy with reasonable precision, Appellant has not provided an adequate description of what a properly advised convening authority might have done to structure an alternative form of clemency.  This is not a case in which a reasonably available remedy related to the identifiable error is otherwise readily apparent.  Compare United States v. Finster, 51 M.J. 185 (C.A.A.F. 1999).  Under these circumstances, we conclude that there has not been a colorable showing of possible prejudice.


## III. CONCLUSION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.