UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 CONN, HOFFMAN, and GIFFORD
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Staff Sergeant TERRY V. TWEEDY
 United States Army, Appellant

 ARMY 20100563

 8th Theater Sustainment Command
 Kwasi L. Hawks, Military Judge

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M.
Jamison, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Brent A.
Goodwin, JA (on brief).

For Appellee: Colonel Michael E. Mulligan, JA; Major Amber J. Williams,
JA; Major Ellen S. Jennings, JA; Captain Bradley M. Endicott, JA (on
brief).

 28 February 2011

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------
Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of one specification of willfully
disobeying a superior commissioned officer and two specifications of
aggravated sexual abuse of a child, in violation of Articles 90 and 120,
Uniform Code of Military Justice [hereinafter UCMJ], respectively (10
U.S.C. §§ 890 and 920). The military judge sentenced appellant to a bad-
conduct discharge and confinement for four years. The convening authority
approved the adjudged sentence.

 On review to this court pursuant to Article 66(c), UCMJ, appellant
submitted the case on its merits, citing no specific legal errors, along
with an unsigned, typewritten document submitted pursuant to United States
v. Grostefon, 12 M.J. 431 (C.M.A. 1982). In pertinent part, appellant's
Grostefon matters alleged that his wife was told by a government
representative to divorce appellant in order to receive compensation
[unspecified]; she did so and never received the compensation; and that due
to the divorce his wife [now-ex] was no longer eligible to receive money
through the waiver of automatic forfeiture process.

 After pronouncement of sentence, the military judge made a clemency
recommendation by stating he recommended the convening authority waive the
imposition of automatic forfeitures upon final action."[1] The record
reflects in Appellate Exhibit VI—the Post-Trial and Appellate Rights Form
completed by appellant with the advice of his attorney—appellant expressly
acknowledged the right to request waiver of automatic forfeitures from the
convening authority.

 Neither the staff judge advocate’s recommendation (SJAR), nor any
other post-trial document from the staff judge advocate (SJA) to the
convening authority contained in the record of trial, apprise him of the
military judge’s clemency recommendation. See Rule for Courts-Martial
1106(d)(3)(B) [hereinafter R.C.M.]. In responding to the SJAR, the trial
defense counsel did not comment on the omission. In the absence of an
objection, we review for plain error. R.C.M. 1106(f)(6). See United
States v. Kho, 54 M.J. 63, 65 (C.A.A.F. 2000); see also United States v.
Powell, 49 M.J. 460, 463, 465 (C.A.A.F. 1998).

 We find the SJA's failure to apprise the convening authority of the
military judge's clemency recommendation was error that was plain and
obvious. Ultimately, however, we find that based on the evidence in the
record, appellant has failed to satisfy the third prong of the plain error
analysis. See United States v. Wheelus, 49 M.J. 283, 289 (C.A.A.F. 1998)
(requiring an appellant demonstrate "some colorable showing of possible
prejudice"); see also United States v. Scalo, 60 M.J. 435, 436 (C.A.A.F.
2005); Kho, 54 M.J. at 65; Powell, 49 MJ at 463, 465. See also United
States v. Capers, 62 M.J. 268, 269-270 (C.A.A.F. 2005). Specifically, the
record reflects that appellant was present at trial when the military judge
made his clemency recommendation. Appellant acknowledged his right to
request waiver of automatic forfeitures via the Post-Trial and Appellate
Rights Form. He had the opportunity, under R.C.M. 1106, to respond to the
SJA's failure to identify the military judge's clemency recommendation.
Additionally, he had the opportunity to submit clemency matters via R.C.M.
1105 and did so. At no time did appellant submit a request for waiver of
automatic forfeitures for the benefit of his dependents or otherwise seek
to leverage the clemency recommendation of the military judge. Although
appellant cites to the harm to his dependents, the plain error analysis
mandates we examine it through the monocle of analyzing the material
prejudice to his substantial rights. See Scalo, 60 M.J. at 436-437
(citations omitted). Appellant has failed to satisfy that burden.

 On consideration of the entire record, we hold the findings of guilty
and the sentence as approved by the convening authority correct in law and
fact. Accord-ingly, those findings of guilty and the sentence are
AFFIRMED.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] An accused is subject to automatic forfeitures if sentenced to more
than six months of confinement. UCMJ, art. 58b(a). Under Article 58b(b),
UCMJ, if an accused has dependents, a convening authority “may waive any or
all of the [automatic] forfeitures of pay and allowances . . . for a period
not to exceed six months,” and such money “shall be paid . . . to the
dependents of the accused.” Id. See also R.C.M. 1101(d)(1).