# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Captain STEVEN W. GILLROY**
**United States Army, Appellant**

ARMY 20111112

Headquarters, U.S. Army Maneuver Support Center of Excellence
Jeffery R. Nance, Military Judge
Colonel James R. Agar II, Staff Judge Advocate

For Appellant:  Major Richard E. Gorini, JA; Captain E. Patrick Gilman, JA (on brief).

For Appellee:  Lieutenant Colonel Amber J. Roach, JA (on brief).

23 May 2012

------------------------------------
SUMMARY DISPOSITION
------------------------------------

YOB, Judge:

A military judge, sitting as a general court-martial, found appellant guilty, pursuant to his pleas, of three specifications of wrongful use of controlled substances, one specification of larceny of prescription medications of a value less than $500.00, two specifications of conduct unbecoming an officer, and two specifications of soliciting another to wrongfully distribute controlled substances, in violation of Articles 112a, 121, 133, and 134, Uniform Code of Military Justice, 10 U.S.C. § 912a, 921, 933, and 934 (2006) [hereinafter UCMJ], respectively.  The convening authority approved the adjudged sentence to dismissal and three years confinement.

This case is before this court for review pursuant to Article 66, UCMJ. Appellant raised no assignments of error on appeal, but pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), alleges that a substantial basis exists in law and fact to question his plea to Charge II, Specification 1 (wrongful use of oxycodone, a controlled substance).  Appellant argues that during the providence

inquiry he raised a matter inconsistent with his guilty plea when he asserted that he had a valid prescription for oxycodone during the charged time period.

We disagree that matters raised in the providence inquiry contradicted the plea. Appellant stated during the providence inquiry that he had a prescription for oxycodone, but admitted he knowingly consumed oxycodone in amounts in excess of the amount prescribed, and that this extra oxycodone was not prescribed but was instead obtained by appellant through fraudulent prescriptions he wrote to other soldiers that his wife filled at a pharmacy for him. Appellant also admitted during the providence inquiry that during the time period described in the charge, he consumed oxycodone after his prescription expired, and that this oxycodone was the illicit oxycodone he obtained through his wife. Under these circumstances, there is no substantial basis in law or fact to question apellant's plea to Specification 1 of Charge II. *United States v. Inabinette*, 66 M.J. 320 (C.A.A.F. 2008).

We also note that when the military judge announced the adjudged sentence, he recommended the convening authority provide clemency in the form of waiving appellant's automatic forfeitures for the benefit of appellant's three-year-old son.[*] However, the staff judge advocate's recommendation (SJAR) and its addendum failed to advise the convening authority of the military judge's clemency recommendation. *See* R.C.M. 1106(d)(3). In responding to the SJAR, appellant's trial defense counsel did not comment on the omission, nor did appellant ever indicate any desire for a waiver of automatic forfeitures in any post-trial document.

In the absence of any objection, we review SJAR deficiencies for plain error. R.C.M. 1106(f)(6). *See United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000); *United States v. Powell*, 49 M.J. 460, 463, 465 (C.A.A.F. 1998). *See also United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). We find the SJA's failure to apprise the convening authority of the military judge's clemency recommendation was error that was plain and obvious. Ultimately, however, we hold that based on the evidence in the record, appellant cannot make "some colorable showing of possible prejudice" due to this error. *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998). *See United States v. Capers*, 62 M.J. 268, 269–270 (C.A.A.F. 2005).

Appellant was present at trial when the military judge made his clemency recommendation. Despite the military judge's recommendation, appellant completed a Post-Trial and Appellate Rights Form, indicating that he did not want to request

---

[*] An accused is subject to automatic forfeitures if sentenced to more than six months of confinement. UCMJ art. 58b(a). Under Article 58b(b), UCMJ, if an accused has dependents, a convening authority "may waive any or all of the [automatic] forfeitures of pay and allowances . . . for a period not to exceed six months," and such money "shall be paid . . . to the dependents of the accused." *See also* Rule for Courts-Martial [hereinafter R.C.M.] 1101(d)(1).

waiver of any automatic forfeitures. Instead, appellant submitted clemency matters via R.C.M. 1105 and R.C.M. 1106, requesting other forms of relief. At no time did appellant submit a request for waiver of automatic forfeitures for the benefit of his son or otherwise seek to leverage the clemency recommendation of the military judge. Furthermore, after receiving the SJAR, appellant had the opportunity to respond to the SJA's failure to identify the military judge's clemency recommendation, but he did not do so.

Given the facts of the case, it is not at all clear that appellant would desire a waiver of the automatic forfeiture of his pay. Evidence presented at trial indicated appellant and his wife were in the midst of a pending divorce. Appellant's wife testified during the pre-sentencing portion of the trial that she had been a drug abuser for the past two years and was on probation for burglary offenses involving her attempts to steal drugs. Prior to appellant being charged with the offenses at issue in this case, he had lived separately from his wife and had sole custody of his young son per agreement with his wife. In his post-trial submissions to the convening authority, however, appellant noted that after his conviction his wife had taken custody of his son and had removed him from Missouri to live with her in Florida. He also indicated his wife was in a dispute with his parents over custody of their son. Therefore, given that a waiver of automatic forfeitures could lead to his wife taking control of these assets as the custodial parent of his son at a time when appellant's parents were battling with her for custody of the child, the record supports appellant's expressed desire to forego waiver of his automatic forfeitures in his case.

On consideration of the entire record, to include matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

Senior Judge KERN and Judge ALDYKIEWICZ concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3