# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist DOUGLAS A. ALLEN IV**
**United States Army, Appellant**

ARMY 20110584

Headquarters, 1st Sustainment Command (Theater)
Michael Hargis, Military Judge
Lieutenant Colonel Juan A. Pyfrom, Staff Judge Advocate

For Appellant: Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Robert A. Feldmeier, JA (on brief).

For Appellee: Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Captain T. Campbell Warner, JA (on brief).

26 June 2012

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of two specifications of wrongful possession of controlled substances, one specification of wrongful possession with the intent distribute a controlled substance, and one specification of wrongful use of a controlled substance, all in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for ten months, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for 225 days, and reduction to the grade of E-1. The convening authority also awarded appellant thirty days of confinement credit.

This case is before this court for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error to this court, both of which merit discussion but no relief.

In his first assignment of error, appellant alleges he was prejudiced when the staff judge advocate (SJA) failed to inform the convening authority, in his post-trial recommendation (SJAR) and addendum, of the military judge's recommendation for clemency in appellant's case.

Rule for Courts-Martial 1106(d)(3) requires that the SJA's post-trial recommendation (SJAR) inform the convening authority of "any recommendation for clemency by the sentencing authority, made in conjunction with the announced sentence." When announcing the sentence in appellant's case, the military judge recommended the convening authority suspend any confinement in excess of five months on the condition appellant satisfactorily complete an inpatient drug treatment program. However, the SJAR and the addendum failed to advise the convening authority of the military judge's clemency recommendation. *See* Rule For Courts-Martial [hereinafter R.C.M.] 1106(d)(3). Instead, both documents expressly stated no clemency recommendation had been made by the military judge at trial. Accordingly, we find the SJA's failure to apprise the convening authority in the SJAR of the military judge's clemency recommendation was error. *See* R.C.M. 1106 (d)(3).

However, we hold that based on the evidence in the record, there is not "some colorable showing of possible prejudice" due to this error. *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998). *See United States v. Capers*, 62 M.J. 268, 269–270 (C.A.A.F. 2005). While both the SJAR and the Addendum failed to reflect the military judge's recommendation, the SJA verbally informed the convening authority of the recommendation. In fact, in his post-trial affidavit submitted in response to this allegation of error, the SJA maintains he and the convening authority "had a very detailed discussion" regarding the military judge's recommendation for clemency in appellant's case. Further, in his memorandum to the convening authority, submitted pursuant to R.C.M. 1105/1106, appellant's defense counsel specifically mentioned the recommendation provided by the military judge. Thus, we are convinced the convening authority was informed of the military judge's recommendation and considered it prior to taking action in appellant's case. Moreover, in his submission to the convening authority, appellant did not raise the issue as an error but, instead, included the military judge's recommendation as part of the procedural history of his case. Therefore, appellant has failed to show prejudice in this case. *Wheelus*, 49 M.J. at 289.

In his second assignment of error, appellant argues it is unclear from the record of trial whether the convening authority reviewed all of appellant's clemency matters prior to taking action on his case. Specifically, appellant avers that because the enclosures to his clemency matters were not included in the original record of trial, this court cannot be confident the documents were reviewed by the convening authority prior to action. We disagree.

Under R.C.M. 1107(b)(3)(A)(iii), a convening authority must consider "[a]ny matters submitted by the accused under R.C.M. 1105 or . . . 1106" prior to taking action in a case. Here, Government Appellate Exhibit 1, the post-trial affidavits submitted by the SJA and the chief of military justice in response to this allegation of error, establish the convening authority reviewed all of appellant's clemency matters prior to taking action in appellant's case. In his affidavit, the SJA provides, "[w]hile the statements were not present in the record of trial, their omission must have been the result of clerical error . . . . [t]he documents were provided to the convening authority as enclosures to the 1105 matters [and were] reviewed by the convening authority." Similarly, the chief of military justice accounts, "[t]he post-trial action included the complete 1105 submission, including the sworn statement and memorandum for record, which are enclosed."

The post-trial affidavits "now serve as the written instrument" establishing the convening authority reviewed the enclosures to appellant's post-trial clemency submission. "As such, any error has been addressed and relief is not warranted." *United States v. Bean*, 2012 WL 831451, ARMY 20100362 (Army Ct. Crim. App. 6 Mar. 2012) (summ. disp.).

On consideration of the entire record and the briefs submitted by the parties, we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3