**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Senior Airman BOBBIE J. ARRINGTON**
**United States Air Force**

**ACM 37698 (f rev)**

**1 August 2014**

Sentence adjudged 26 March 2010 by GCM convened at Grand Forks Air Force Base, North Dakota. Military Judge: Jeffrey A. Ferguson.

Approved sentence: Bad-conduct discharge, confinement for 9 months, and reduction to E-1.

Appellate Counsel for the Appellant: Colonel Eric N. Eklund; Lieutenant Colonel Gail E. Crawford; Lieutenant Colonel Darrin K. Johns; Major Nathan A. White; and Captain Thomas A. Smith.

Appellate Counsel for the United States: Colonel Don M. Christensen; Lieutenant Colonel Linell A. Lentendre; Major Brian C. Mason; Major Naomi N. Porterfield; Major Charles G. Warren; Major Jason M. Kellhofer; Captain Richard J. Schrider; and Gerald R. Bruce, Esquire.

Before

ROAN, MARKSTEINER, and HECKER
Appellate Military Judges

OPINION OF THE COURT
UPON FURTHER REVIEW

This opinion is subject to editorial correction before final release.

HECKER, Senior Judge:

At a general court-martial comprised of officer members, the appellant was convicted, contrary to her pleas, of one specification of making a false official statement; two specifications of wrongful use of Dilaudid; one specification of wrongful use of cocaine; one specification of wrongful distribution of ecstasy; and two specifications of

wrongful solicitation to distribute Percocet and morphine, in violation of Articles 107, 112a, and 134, UCMJ, 10 U.S.C. §§ 907, 912a, 934.[1] The adjudged sentence consisted of a bad-conduct discharge, confinement for 12 months, forfeiture of all pay and allowances, and reduction to E-1.

In an initial action in 2010, the convening authority disapproved the finding of guilty for Specification 1 of Charge IV—solicitation to distribute Percocet—but approved the remaining findings of guilty. The convening authority then approved a bad-conduct discharge, confinement for 12 months, and reduction to E-1, while disapproving the adjudged forfeitures. He further waived mandatory forfeitures for the benefit of the appellant's family. In a new action taken in 2013, following a remand by this Court, the convening authority approved a sentence that included a bad-conduct discharge, confinement for 9 months, and reduction to E-1, as well as waiving all mandatory forfeitures until the expiration of the appellant's term of service.

The appellant now raises three issues on appeal: (1) her bad-conduct discharge should be set aside because the convening authority provided "meaningless relief" when taking the second action on her sentence; (2) her due process rights have been violated by post-trial and appellate delay; and (3) she is entitled to relief under *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002), due to delays in the post-trial processing of her case. Finding no error that materially prejudices a substantial right of the appellant, we affirm.

*Background*

When her case was initially reviewed by this Court in 2011, the appellant raised four issues for our consideration: (1) whether she received ineffective assistance of counsel when her trial defense counsel failed to object to the admission of a drug testing report; (2) whether the remaining Article 134, UCMJ, solicitation specification—solicitation to distribute morphine—failed to state an offense because it failed to allege the terminal element; (3) whether the staff judge advocate (SJA) erred by recommending a meaningless remedy to the convening authority during the clemency stage of her case; and (4) whether the convening authority abused his discretion by failing to provide meaningful sentence relief.

On 25 March 2013, this Court set aside and dismissed the finding of guilty to the Article 134, UCMJ, solicitation specification pursuant to *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), and affirmed the remaining findings of guilty. *United States v. Arrington*, ACM 37698 (A.F. Ct. Crim. App. 25 March 2013) (unpub. op.). Based on error in the staff judge advocate's recommendation (SJAR), we also

---

[1] The appellant was acquitted of eight other specifications alleging violations of Articles 107, 112a, 121, and 134, 10 U.S.C. §§ 907, 912a, 921, 934.

ordered the sentence set aside and the record of trial returned to The Judge Advocate General for remand to the appropriate convening authority for a new action. Having set aside the solicitation specification, we also authorized a rehearing on the sentence. *Arrington*, unpub. op. at 6. In a subsequent opinion, we clarified that, pursuant to the standards found in Rule for Courts-Martial (R.C.M.) 1107(e)(1)(B)(iv), the convening authority could elect to reassess the sentence based on the approved findings of guilty. *United States v. Arrington*, ACM 37698 (A.F. Ct. Crim. App. 9 May 2013) (unpub. op.). The case is now back before this Court following the action taken by the convening authority on remand.

*Staff Judge Advocate Recommendation & Convening Authority Action*

In Specification 1 of Charge IV, the appellant was originally charged with and convicted of wrongfully soliciting another Airman to provide her with Percocet, a Schedule II controlled substance, during a two-week time period. After the members found the appellant guilty of soliciting Percocet, but prior to the conclusion of the court-martial, the military judge opined that the evidence introduced at trial did not establish that the appellant's multiple requests for Percocet over a four- to five-month period were "so closely connected in time as to constitute a single transaction." Concerned that the appellate courts could not discern which instance of solicitation the members used to find the appellant guilty, the military judge recommended the convening authority disapprove that finding and reassess the sentence accordingly.

In his initial post-trial recommendation in June 2010, the SJA advised the convening authority of the military judge's concerns. To address that situation, the SJA recommended the convening authority disapprove the finding of guilty for the Percocet specification and reassess the sentence by lowering the confinement from 12 months to 10 months. Trial defense counsel responded to the SJAR by arguing that "[t]he proper remedy for this legal error is to set aside the finding of guilty . . . and disapprove the adjudged bad conduct discharge" or, in the alternative, "to reduce the adjudged confinement by six months." Trial defense counsel pointed out that reducing the adjudged confinement by 2 months would be detrimental because it would render the appellant ineligible for parole.

To address trial defense counsel's concerns, the SJA amended his recommendation and advised the convening authority to reassess the sentence by (1) approving the adjudged 12-month sentence, (2) disapproving the adjudged total forfeitures of pay and allowances, and (3) waiving mandatory forfeitures for a period of 2 months for the benefit of the appellant's dependents. In a further reply, trial defense counsel stated that disapproving and waiving the forfeitures would be a "mere symbolic gesture" and would not provide the appellant "any substantive relief" because, due to Article 58b, UCMJ, 10 U.S.C. § 858b, the appellant's entitlement to pay and allowances

had ended when her enlistment expired 15 days after her trial.[2] He again asked that the convening authority disapprove the bad-conduct discharge or only approve 6 months' confinement.

In a supplemental addendum, the SJA[3] stated he was "satisfied the substantial evidence of record supports the conclusions and recommendations in the [SJAR] Addendum." The SJA therefore recommended the convening authority disapprove the adjudged forfeitures and waive the mandatory forfeitures, while also approving the bad-conduct discharge, 12 months of confinement, and reduction to E-1. In his July 2010 action, the convening authority followed the SJA's recommendation.

During our initial review of her case, this Court found that the appellant had made a colorable showing that the convening authority intended to grant sentence relief but that this intent may have been thwarted by improper advice from the SJA. *United States v. Arrington*, ACM 37698 (A.F. Ct. Crim. App. 25 March 2013) (unpub. op.); *see United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005); *United States v. Capers*, 62 M.J. 268, 270 (C.A.A.F. 2005). Specifically, we found that the SJA clearly endorsed the appellant's request to receive some form of relief for the legal error regarding the Percocet specification and that he modified his initial recommendation after trial defense counsel pointed out the consequences any decrease in confinement would have on the appellant. *Arrington*, unpub. op. at 7. We also found the SJA's concurrent recommendation that the convening authority disapprove the adjudged forfeitures and waive the mandatory forfeitures for the benefit of the appellant's dependents failed to accurately advise the convening authority that implementing these provisions would provide no relief to the appellant because her enlistment had expired by the time action was taken.[4] *Id.*

In remanding this case to the convening authority for a new SJAR, action, and court-martial order, this Court noted:

> The convening authority must be provided an accurate analysis of his options so that he may choose what, if any, corrective actions to take in approving the sentence. Whether he ultimately elects to provide relief is

---

[2] The appellant completed her obligated term of service on 11 April 2010. Because she was in confinement, she stopped receiving pay and allowances as of that date. *See* Department of Defense Financial Management Regulation 7000.14-R, Volume 7A, *Military Pay Policy and Procedures*, Chapter 48, § 480702 (December 2012).

[3] The prior recommendations and addendums had been signed by the "Acting SJA."

[4] Pursuant to Article 57(a), UCMJ, 10 U.S.C. § 857(a), any adjudged forfeiture of pay or allowances takes effect 14 days after the sentence is adjudged or on the date the convening authority takes action approving the sentence, whichever is earlier. Additionally, even if no forfeitures are adjudged, automatic forfeitures are required if an adjudged sentence includes (1) death, (2) confinement for more than six months, or (3) confinement for six months or less and a punitive discharge. Article 58b, UCMJ, 10 U.S.C. § 858b. Automatic forfeitures also take effect 14 days after the sentence is adjudged or on the date of the convening authority's action approving the sentence, whichever is earlier. *Id.*

matter left to his discretion, but the appellant was entitled to have the convening authority properly advised as to whether she could in fact receive the relief recommended by the SJA.

*Id.* In our subsequent decision, we also noted that, pursuant to the standards found in R.C.M. 1107(e)(1)(B)(iv), the convening authority could elect to reassess the sentence based on the approved findings of guilty. *United States v. Arrington*, ACM 37698 (f rev), unpub. op. at 2-3 (A.F. Ct. Crim. App. 9 May 2013).

Following the remand, a new SJAR was prepared in July 2013.[5] This SJAR accurately recited the history of the appellant's trial and post-trial processing, including the opinions issued by this Court. Unlike the prior SJARs, this SJAR explained to the new convening authority that the prior convening authority's decision only entitled the appellant to two days of waived forfeitures because her enlistment had ended. The SJA informed the convening authority about the two specifications that had been set aside following the court-martial and correctly advised the convening authority of his three options in light of those legal errors: (1) order a rehearing on sentence for the approved findings of guilty; (2) determine a sentence rehearing is impracticable and approve a sentence of "no punishment" for those offenses; or (3) reassess the sentence if the convening authority could determine that the sentence would have been at least of a certain magnitude if the error had not been committed and if he determined the reassessed sentence was appropriate in relation to those findings of guilty. The SJA then recommended the convening authority reassess the sentence and approve the same sentence that was approved in 2010.

In her clemency submission, the defense counsel asked the convening authority to reassess the sentence by disapproving the bad-conduct discharge, claiming that this was the only "meaningful relief" the appellant could receive at this late date since she was out of confinement. In his addendum to the SJAR, the SJA modified his initial recommendation, recommending the confinement be lowered from 12 to 9 months and stating his view that the appellant's sentence would have been at least this magnitude if the dismissed specifications had not been considered by the panel. The convening authority ultimately followed that recommendation and in October 2013 approved a sentence that consisted of a bad-conduct discharge, 9 months of confinement, and reduction to E-1. He also waived all mandatory forfeitures.

The appellant now argues we should set aside her bad-conduct discharge because the most recent convening authority action granted "meaningless relief" since she had already served her original sentence to confinement by the time he disapproved 3 months

---

[5] After the case was remanded, the original convening authority transferred responsibility for the case to a new convening authority who was exercising authority over the accused at the time of the remand. *See* Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 11.12 (25 November 2013).

of her sentence. She also complains that the SJA failed to advise the convening authority about this point.

"The standard of review for determining whether post-trial processing was properly completed is de novo." *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004). Because an accused has the right to have her clemency request judged on the basis of accurate information, the SJA cannot provide incorrect or incomplete information in his recommendation to the convening authority. *United States v. Wellington*, 58 M.J. 420, 427 (C.A.A.F. 2003). When findings of guilt have been disapproved, the SJA must provide clear advice on the convening authority's options to cure any effect that error may have had on the sentence and his responsibility to also make a determination of sentence appropriateness under R.C.M. 1107(d)(2); *United States v. Reed*, 33 M.J. 98, 100 (C.M.A. 1991). Reassessment is appropriate only when the convening authority determines that the sentence would have been of at least a certain magnitude had the prejudicial error not been committed and the reassessed sentence is appropriate in relation to the affirmed findings. R.C.M. 1107(e)(1)(B)(iv). Through this reassessment, the appellant must be "placed in the position [s]he would have occupied if an error had not occurred." *Reed*, 33 M.J. at 99-100 (quoting *United States v. Hill*, 27 M.J. 293, 296 (C.M.A. 1988)).

During the second round of post-trial processing in this case, the SJA provided correct and complete information to the convening authority. The convening authority was advised about the two specifications that had been dismissed and was correctly informed about his options to cure that error, as well as his obligation to approve a sentence which is warranted by the circumstances of the offenses and appropriate for the appellant. Here, having been advised of the requirements to do so, the convening authority elected to reassess the sentence and reduced by 3 months the appellant's sentence to confinement. Therefore, the convening authority had determined the appellant would have received 9 months of confinement if she had not been convicted of the two dismissed specifications.

The appellant complains this sentence reduction does not provide her any meaningful relief because she had served all of her confinement when, over three years later, her confinement was reduced. She has not, however, provided any evidence on when she was released from confinement and has not expressly argued that she served any additional time in confinement based on this belated reduction in her sentence. Regardless, our superior court has noted that "meaningful relief" is not required if such relief would be disproportionate within the context of the case, including any harm the appellant may have suffered and the nature of the offenses of which she was convicted. *See United States v. Zarbatany*, 70 M.J. 169, 177 (C.A.A.F. 2011) (addressing the determination of meaningful relief in the context of unlawful conditions of pretrial confinement).

Applying the analytical framework found in *Zarbatany* to this situation, we conclude that granting the appellant's request to disapprove the bad-conduct discharge is not warranted, as it would be an undeserved windfall for her and disproportionate to any possible harm she suffered given the range and seriousness of the offenses she committed. Furthermore, we find the sentence approved by the convening authority to be appropriate for the remaining guilty findings. Article 66(c), UCMJ, 10 U.S.C. § 866(c).

*Post-Trial Processing Delay*

The appellant asserts she is entitled to relief because the Government violated her due process right to timely post-trial processing of her case because (1) "972 days elapsed between docketing and this Court's decision in [her] case," and (2) more than 30 days elapsed before the case was re-docketed with this Court following the most recent convening authority action. We disagree that she is entitled to relief.

We review claims that an appellant was denied her due process right to speedy post-trial processing de novo. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). In *Moreno*, our superior court established guidelines that trigger a presumption of unreasonable delay in certain circumstances: (1) when the action of the convening authority is not taken within 120 days of the completion of trial; (2) when the record of trial is not docketed by the service Court of Criminal Appeals within 30 days of action; and (3) when appellate review is not completed with a decision rendered within 18 months of docketing the case before the Court of Criminal Appeals. *Id.* at 142. Furthermore, Article 66(c), UCMJ, empowers the service courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002).

The appellant's record of trial was originally docketed with this court on 27 July 2010, and we rendered our first decision in the case 972 days later (on 25 March 2013). Although she did not raise this issue during our initial review of the case, the appellant now alleges the overall delay of more than 540 days between docketing and this Court's decision violated her due process right to a speedy post-trial review. In our initial decision, we noted that this delay was facially unreasonable and that assessing this issue required us to consider the four factors laid out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972): (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice. *Arrington*, unpub. op. at 6 n.5. This Court found the appellate delay to be harmless beyond a reasonable doubt when considered in light of the totality of the circumstances and the entire record. *Id.*; *see also United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006) (when a court assumes error but is able to directly conclude it was harmless beyond a reasonable doubt, the court need not engage in a separate analysis of

each *Barker* factor). We also declined to provide relief under *Tardif.* We reach the same conclusions now.

Following our remand of the case, the convening authority took action on 18 October 2013, and the record of trial was re-docketed with this Court on 20 November 2013. However, several documents were missing from the record of trial, including the convening authority's action, the general court-martial order, and the defense's clemency submission. Those documents were submitted to this Court on 7 February 2014. Therefore, a complete record of trial was not docketed with this Court until 112 days after the convening authority took action in the case. The appellant alleges her due process rights were violated when her case was not docketed within 30 days as required by *Moreno.* We find this delay to be harmless beyond a reasonable doubt when considered in light of the totality of the circumstances and the entire record. We also decline to provide relief under *Tardif.*

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence, are

AFFIRMED.

Chief Judge ROAN participated in this decision prior to his retirement.
Senior Judge MARKSTEINER participated in this decision prior to his reassignment.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court