# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Airman First Class WILLIAM J. BURTON
### United States Air Force

### ACM S32253

### 1 February 2016

Sentence adjudged 16 April 2014 by SPCM convened at Pope Army Air Field, Fort Bragg, North Carolina. Military Judge: Francisco Mendez.

Approved Sentence: Bad-conduct discharge, confinement for 9 months, forfeiture of $1021.00 pay per month for 9 months, and reduction to E-1.

Appellate Counsel for Appellant: Lieutenant Colonel Joy L. Primoli.

Appellate Counsel for the United States: Major Thomas J. Alford; Captain Jason M. Kellhofer; and Gerald R. Bruce, Esquire.

Before

MITCHELL, MAYBERRY, and KIEFER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

KIEFER, Judge:

Pursuant to his pleas, Appellant was convicted of seven specifications of wrongful use of cocaine in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. A panel of officer members sentenced Appellant to a bad-conduct discharge, confinement for 9 months, forfeiture of $1021.00 pay per month for 9 months, reduction to E-1, and a reprimand. The convening authority approved all aspects of the sentence except for the reprimand.

*Background*

Between 14 October 2013 and 4 March 2014, Appellant used cocaine on seven occasions with friends near his hometown. Generally, Appellant would go home on weekends, meet up with former classmates, and go to bars or parties where Appellant and his friends used cocaine. These wrongful uses of cocaine resulted in multiple positive urinalysis results.

After the preferral of charges for a positive urinalysis, Appellant cried as he told his commander he had a drug problem and needed treatment. Appellant was provided treatment through the Air Force. Following Appellant's entry into treatment, his commander was informed that he had a fifth positive urinalysis. Shortly thereafter, on 4 March 2014, Appellant's commander restricted Appellant to base. On 7 March, the commander received notice of a sixth positive urinalysis. Following this sixth positive result the commander ordered Appellant into pretrial confinement on 11 March 2014. A pretrial confinement review officer (PCRO) reviewed the commander's action and affirmed the decision to order pretrial confinement.

Appellant alleges four assignments of error: (1) the military judge erroneously failed to grant him additional pretrial confinement credit for illegal pretrial punishment under Article 13, UCMJ, 10 U.S.C. § 813; (2) the sentence is inappropriately severe; (3) the staff judge advocate's recommendation (SJAR) failed to inform the convening authority of 36 days of pretrial confinement credit; and (4) the SJAR failed to comment on legal errors.

*Illegal Pretrial Punishment*

Pursuant to Article 13, UCMJ, and Rule for Courts-Martial (R.C.M.) 305, Appellant alleges that the military judge erroneously failed to grant him additional credit against his term of confinement based on the commander improperly ordering him into pretrial confinement following a period of base restriction. Appellant cites to multiple reasons why the commander's and PCRO's decisions to order pretrial confinement were erroneous, including the fact that his sixth positive urinalysis result did not reflect additional misconduct after the ordering of base restriction and the commander's basis for ordering pretrial confinement was to send a message to the unit.

Article 13, UCMJ, reads:

> No person, while being held for trial, may be subjected to punishment or penalty other than arrest or confinement upon the charges pending against him, nor shall the arrest or confinement imposed upon him be any more rigorous than the circumstances required to insure his presence . . . .

The question of intent to punish is "one significant factor in [the] judicial calculus" for determining whether there has been an Article 13 violation. *United States v. Huffman,* 40 M.J. 225, 227 (C.M.A. 1994) (citing *Bell v. Wolfish,* 441 U.S. 520 (1979)). We will not overturn a military judge's findings of fact, including a finding of no intent to punish, unless they are clearly erroneous. *United States v. Smith,* 53 M.J. 168, 170 (C.A.A.F. 2000). "We will review de novo the ultimate question whether an appellant is entitled to credit for a violation of Article 13." *United States v. Mosby*, 56 M.J. 309, 310 (C.A.A.F. 2002)

Essentially, Article 13, UCMJ, prohibits two things: (1) the imposition of punishment prior to trial and (2) conditions of arrest or pretrial confinement that are more rigorous than necessary to ensure the accused's presence for trial. The commander's intent and basis for ordering pretrial confinement are important aspects of the analysis.

R.C.M. 305(d) indicates that there is probable cause to order pretrial confinement when there is a reasonable belief that:

>    (1)  An offense triable by court-martial has been committed;
>    (2)  The person confined committed it; and
>    (3)  Confinement is required by the circumstances.

R.C.M. 305(h)(2)(B) lists factors the commander may consider in ordering or maintaining a person in pretrial confinement, including that:

>    (iii) Confinement is necessary because it is foreseeable that:
>
>>        (a) The prisoner will not appear at trial, pretrial hearing, or investigation, or
>>        (b) The prisoner will engage in serious criminal misconduct . . . .

Under R.C.M. 305(h)(2)(B), the commander must also determine that "[l]ess severe forms of restraint are inadequate." The discussion to R.C.M. 305(h) lists factors the commander may consider in determining the appropriate level of restraint, to include the accused's character and mental condition, the nature and circumstances of the charged offenses, and the weight of the evidence.

In this case, the military judge determined that the commander's intent in ordering pretrial confinement was to deter continued serious misconduct and to ensure Appellant's presence at trial. The military judge cited evidence of Appellant's repeated violations of military law. The sixth positive urinalysis was collected before Appellant was placed on restriction; however, it caused the commander to reevaluate Appellant's likelihood of

engaging in further serious misconduct by continuing to use cocaine. This belief was supported by later evidence that a urine sample obtained from Appellant on the day he was placed on restriction resulted in his seventh cocaine positive test result. The military judge also found the commander had legitimate concerns about Appellant's attendance at the court-martial.

We find the conclusions of the military judge were not clearly erroneous, and there was no error in the military judge denying Appellant's motion for additional pretrial confinement credit pursuant to Article 13, UCMJ.

*Sentence Appropriateness*

Appellant also argues that his sentence is inappropriately severe. This court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We review sentence appropriateness de novo, employing "a sweeping congressional mandate to ensure a fair and just punishment for every accused." *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (quoting *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001)) (internal quotation marks omitted). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citing *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982)). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

The military judge convicted Appellant of wrongful use of cocaine on seven occasions. At this special court-martial, Appellant faced a maximum sentence of a bad-conduct discharge, 12 months of confinement, forfeiture of two-thirds pay per month for 12 months, and a reduction to E-1. A panel of officer members sentenced Appellant to a bad-conduct discharge, confinement for 9 months, forfeiture of $1021.00 pay per month for 9 months, reduction to E-1, and a reprimand.

We have reviewed the entire record of trial including all evidence in mitigation and extenuation as well as evidence in aggravation. Appellant was convicted of seven distinct wrongful uses of cocaine in less than five months. Appellant's conduct did not represent an isolated incident but demonstrated regular and repeated violations of military law. Based on the facts of this case, including the nature of the offenses and Appellant's background, service record, and character, there is nothing that indicates Appellant's sentence was inappropriately severe.

*Failure to Inform Convening Authority of Pretrial Confinement Credit*

In his third assignment of error, Appellant alleges that the personal data sheet (PDS) and SJAR failed to properly note his 36 days of pretrial confinement credit.

R.C.M. 1106(d)(3) governs the content of the SJAR and requires, in part, a copy of the report of the results of trial, setting forth the findings, sentence, and confinement credit. Pursuant to R.C.M. 1106(d)(3), the report of the results of trial is part of the SJAR.

Review of the record shows that the PDS indicates "Nature of Pretrial Restraint: N/A." This document was a prosecution exhibit at trial, and Appellant did not object to its admission. The report of the results of trial submitted as part of the SJAR shows "Pretrial Confinement Credit: 36." Consequently, the SJAR properly noted the period of pretrial confinement credit. Additionally, trial defense counsel in his clemency request specifically mentioned that Appellant was placed in pretrial confinement.

Even if we determined that there was error or confusion by the failure to indicate pretrial confinement credit on the PDS while including it on the SJAR, Appellant did not raise this error within his clemency submission. If Appellant does not make a timely comment on an error or omission in the SJAR, the error is waived unless it is prejudicial under a plain error analysis. *United States v. Capers*, 62 M.J. 268, 269 (C.A.A.F. 2005). Under a plain error analysis, we must determine whether there was error, whether it was plain, and whether it materially prejudiced a substantial right of the appellant. *Id.* With respect to an error in an SJA's post-trial recommendation, the prejudice prong involves a relatively low threshold—a demonstration of some colorable showing of possible prejudice. *Id.* Our review is de novo. *Id.*

In this case, the report of the results of trial properly reflected the period of pretrial confinement credit. The "N/A" on the PDS regarding pretrial confinement was error and it was plain on its face. There is no evidence that Appellant did not receive the 36 days of pretrial confinement credit. Appellant has not produced any evidence that the convening authority was confused by the discrepancy between the report of the results of trial and the PDS. Appellant has not made a colorable showing of possible prejudice. We determine that Appellant has failed to surmount the low threshold for error in post-trial processing and deny him any relief on this issue.

*Addendum to SJAR and Purported Legal Errors Raised in Appellant's Submissions*

In his fourth assignment of error, Appellant asserts that the SJA failed to note legal errors raised in defense clemency submissions. We disagree. The thrust of Appellant's clemency matters was to seek a reduced sentence based on sentence comparisons to other courts-martial and evidence in mitigation and extenuation. Appellant did not allege any legal errors. We do not regard a straightforward request for clemency as raising a legal error. R.C.M. 1106(d)(4) states that the SJA does not need to examine the record for legal errors and is only required to address whether corrective action is needed if the defense makes an allegation of legal error in the matters submitted under R.C.M. 1105 or otherwise deemed appropriate by the SJA. *United States v. Foy,* 30 M.J. 664 (A.F. Ct. Crim. App. 1990). "[T]he staff judge advocate is not required to specifically advise the convening authority on issues the appellant raises in her clemency submissions unless those issues are raised as legal error." *United States v. Taylor*, 67 M.J. 578, 580 (A.F. Ct. Crim. App. 2008). The SJAR in this case indicates that no corrective action was required with regard to the findings or sentence. The SJAR and addendum complied with R.C.M. 1106(d)(4).

Due to an unrelated error in the staff judge advocate's advice to the convening authority about limitations on his ability to grant clemency, Appellant was afforded an opportunity to submit additional matters in clemency. Appellant did not raise the matter of the original addendum failing to address any other legal errors. "Because Appellant did not object to the recommendation of the SJA, we must determine [under a de novo review] whether there was error, whether it was plain, and whether it materially prejudiced a substantial right of the accused." *Capers*, 62 M.J. at 269. We find no error and no colorable showing of possible prejudice under the facts of this case.

*Conclusion*

The findings and sentence are correct in law and fact and no error materially prejudicial to the substantial rights of Appellant occurred. [*] Articles 59(a) and 66(c), 10 U.S.C. §§ 859(a), 866(c), UCMJ.

---

[*] The court-martial order (CMO) incorrectly abbreviates the specifications by including an uncharged location for each offense "at or near Pope Air Force Base, North Carolina," along with the charged location of "within the continental United States." We order a corrected CMO.

Accordingly, the findings and the sentence are **AFFIRMED**.



FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

ACM S32253