# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

## No. 201700186

———————————

### UNITED STATES OF AMERICA
Appellee

v.

### SETH M. BRUMFIELD
Air Traffic Controller Third Class (E-4), U.S. Navy
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Bethany L. Payton-O'Brien, JAGC, USN.
Convening Authority: Commander, Navy Region Southwest, San Diego, CA.
Staff Judge Advocate's Recommendation: Captain Donald C. King, JAGC, USN.
For Appellant: Lieutenant Commander Derek C. Hampton, JAGC, USN.
For Appellee: Captain Sean M. Monks, USMC; Lieutenant Megan Marinos, JAGC, USN.

———————————

Decided 28 December 2017

———————————

Before HUTCHISON, FULTON, and SAYEGH, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of viewing and distributing child pornography in violation of Article 134, Uniform Code of Military Justice

(UCMJ), 10 U.S.C. § 934. The military judge sentenced the appellant to 52 months' confinement, reduction to pay grade E-1, total forfeiture of pay and allowances, and a dishonorable discharge. The convening authority (CA) approved the sentence and, pursuant to a pretrial agreement, suspended all confinement in excess of 42 months.

In a single assignment of error, the appellant avers that he was denied the effective assistance of counsel after trial when his trial defense counsel (TDC) requested relief beyond the CA's clemency powers. Having carefully considered the record of trial and the parties' pleadings, we conclude the findings and the sentence are correct in law and fact and find no error materially prejudicial to the substantial rights of the appellant. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The TDC submitted a post-trial clemency request that asked the CA to suspend the adjudged and automatic reduction to pay grade E-1 "until appellate review is completed[,]" and to defer "automatic forfeitures . . . until the post-trial process is complete."[1] In an addendum to his recommendation, the CA's staff judge advocate (SJA) advised the CA that the appellant's "request to defer automatic total forfeitures until the post-trial process is complete" was outside the scope of the CA's authority, since the "post-trial process is not considered complete until appellate review."[2] In his action, the CA noted that even if he were authorized to grant the requested clemency, he "would not have exercised that authority in this case."[3]

## II. DISCUSSION

In reviewing claims of ineffective assistance of counsel, we "'look at the questions of deficient performance and prejudice *de novo.*'" *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (quoting *United States v. Gutierrez*, 66 M.J. 329, 330-31 (C.A.A.F. (2008)). However, we "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Thus, the appellant bears the burden of demonstrating (1) that his counsel's performance was deficient to the point that he "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" and (2) "that the deficient performance prejudiced the defense[.]" *Id.* (citations and internal quotation marks omitted).

---

[1] Clemency Request of 8 Apr 2017 at 1, ¶ 2.

[2] Addendum to the SJA's Recommendation of 2 Jun 2017 at 1, ¶ 2.

[3] CA's Action of 2 Jun 2017.

In evaluating claims of post-trial ineffective assistance of counsel, we give the appellant the benefit of the doubt and find that "there is material prejudice to the substantial rights of an appellant if there is an error and the appellant 'makes some colorable showing of possible prejudice.'" *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (quoting *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997)). In demonstrating a "colorable showing of possible prejudice," the appellant must provide "an adequate description of what a properly advised convening authority might have done to structure an alternative form of clemency." *United States v. Capers*, 62 M.J. 268, 270 (C.A.A.F. 2005).

Turning first to the deficient performance prong of *Strickland*, we are not convinced the TDC's request to defer automatic forfeitures "until the post-trial process is complete" was a request for clemency outside the scope of the CA's authority. Read in conjunction with the TDC's other requested clemency—suspension of adjudged and automatic reduction to E-1 *"until appellate review is completed"*[4]—it becomes apparent that the TDC was asking that the deferral of automatic forfeitures be for some period of time distinct from that associated with the completion of appellate review. As the SJA correctly notes, any deferment of automatic forfeitures ends when the CA takes his action.[5] Given the ambiguous and undefined term "post-trial processing," one plausible reading of the TDC's request is that it simply asks the CA to defer the imposition of automatic forfeiture of pay until he takes action—a request well within the CA's authority.[6]

Regardless, in this case we need not determine whether the TDC's performance was deficient. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697. Here, even assuming *arguendo* deficient performance, the appellant fails to demonstrate prejudice. The appellant has not articulated any specific prejudice that resulted from the clemency request and has submitted no evidence indicating how his TDC's clemency submission contrasted with his wishes. Likewise, the appellant fails to adequately describe what the CA "might have done to structure an alternative form of clemency." *Capers*, 62 M.J. at 270. Indeed, the CA stated unequivocally in his action that even if he had the authority, he would not grant the appellant's requested clemency. Therefore, even if the TDC's

---

[4] Clemency Request at 1, ¶ 2 (emphasis added).

[5] *See* RULE FOR COURTS-MARTIAL 1101(c)(6), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2016 ed.).

[6] Notably, even given this reading the appellant's request would have been ineffectual since it did not request that the adjudged forfeiture of all pay and allowances be likewise deferred.

performance was deficient, we conclude there is no colorable showing of possible prejudice.

### III. CONCLUSION

The findings and sentence are affirmed.

For the Court



R.H. TROIDL
Clerk of Court