# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**D.C. KING, A.Y. MARKS, B.T. PALMER**
**Appellate Military Judges**

## UNITED STATES OF AMERICA

v.

## JEREMY T. ROLLER
## SPECIAL WARFARE OPERATOR FIRST CLASS (E-6), U.S. NAVY

### NMCCA 201600008
### SPECIAL COURT-MARTIAL

**Sentence Adjudged:** 15 October 2015.
**Military Judge:** CAPT Bethany L. Payton-O'Brien, JAGC, USN.
**Convening Authority:** Commander, Naval Special Warfare Group TEN, Virginia Beach, VA.
**Staff Judge Advocate's Recommendation:** LCDR E.M. Baxter-Haynes, JAGC, USN.
**For Appellant:** CAPT Bree A. Ermentrout, JAGC, USN.
**For Appellee:** LT Taurean K. Brown, JAGC, USN.

**31 March 2016**

-------------------------------------------------
**PUBLISHED OPINION OF THE COURT**
-------------------------------------------------

PALMER, Judge:

A military judge, sitting as a special court-martial, convicted the appellant, pursuant to his pleas, of one specification of making a false official statement and one specification of larceny in violation of Articles 107 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 907 and 921. The court sentenced the appellant to 90 days' confinement, reduction to pay grade E-4, and a bad-conduct discharge. The convening authority (CA) approved the adjudged sentence and, pursuant to a pretrial agreement, suspended all confinement and reduction below the pay grade E-5 for six months, and further suspended the punitive discharge "until the Accused's administrative separation process is complete and the Accused has received his DD214."[1]

---

[1] As of 17 March 2016, the appellant was still on active duty pending administrative separation processing. *See*, Appellee's Response to Court Order to Produce of 18 Mar 2016, unsworn declaration at ¶ 5.

Although not raised by the appellant, we find error in the staff judge advocate's (SJA) recommendation (SJAR) and in the CA's action. Further, although the CA's action states the appellant's confinement was deferred, there is no evidence of the appellant's deferment request in the record as is required.[2] Accordingly, we remand for a new SJAR and CA's action.

## Background

The offenses to which the appellant pleaded guilty occurred on 16 October 2013 (when he signed an official record falsely stating he was married) and on 15 July 2010 through 13 October 2014 (when he, on divers occasions, stole a total of $16,939.00 from the United States in the form of Basic Allowance for Housing at the with dependents rate). He was sentenced on 15 October 2015, served with the SJAR[3] on 24 November 2015, and submitted a clemency request on 14 December 2015. Although his request alleged no legal error, it asked the CA to allow him to remain on active duty in his E-6 paygrade until October 2017 (his end of active service date). The SJAR incorrectly advised the CA that he "may not take action on the findings or the sentence in this case except only to effectuate the terms of the Pretrial Agreement[.]"[4] This erroneous statement of the law was not challenged by the appellant, corrected in an addendum to the SJAR[5], or addressed in the CA's action. The CA took his initial action on 5 January 2016 and did not grant the requested clemency.

The National Defense Authorization Act for Fiscal Year 2014[6] (FY14 NDAA) substantially changed the authority of CAs to take action on sentences under Article 60, UCMJ. Under the changes a CA "may not disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct discharge"[7] unless certain exceptions exist. One such exception is a negotiated guilty plea, which grants the CA "the authority to approve, disapprove, commute, or suspend a sentence in whole or in part pursuant to the terms of the pre-trial agreement[.]"[8] The President signed the FY14 NDAA on 26 December 2013 and the Article 60 changes became effective 180 days later on 24 June 2014. The FY15 NDAA provided clarification for courts-martial involving offenses which straddled that effective date:

> With respect to the findings and sentence of a court-martial that includes both a conviction for an offense committed before [24 June 2014] and a conviction for an offense committed on or after that effective date, the convening authority shall

---

[2] *Id.*

[3] Note, the SJAR was incorrectly dated "23 Nov 14."

[4] SJAR at 1 ¶ 1a.

[5] There is no SJAR Addendum. *See* Appellee's Response to Court Order to Produce of 18 Mar 2016, unsworn declaration at ¶ 3.

[6] Pub. L. No. 113-66, 127 Stat. 672 (2013).

[7] *Id.* at 956.

[8] *Id.* at 956-57.

have the same authority to take action on such findings and sentence as was in effect on the day before such effective date[.][9]

**Analysis**

"Failure of counsel for the accused to comment on any matter in the recommendation . . . in a timely manner shall waive later claim of error with regard to such matter in the absence of plain error." RULES FOR COURTS-MARTIAL 1106(f)(6), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.); *see also United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). Where there is error in post-trial processing and "some colorable showing of possible prejudice" thereby, this court must either provide meaningful relief or remand for new post-trial processing. *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (citation omitted); s*ee also United States v. Wilson*, 54 M.J. 57, 59 (C.A.A.F. 2000). Plain error exists when "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Kho*, 54 M.J at 65.

Here the SJAR language, citing the Secretary of the Navy's implementing instructions for the FY14 NDAA amendments and omitting reference to the FY15 NDAA technical revisions thereto, incorrectly advised the CA that his potential action was limited to the terms of the pretrial agreement. By the statute's plain language, these limitations did not apply to the appellant's offenses, as they, in substantial part, occurred prior to the statute's effective date. The CA's broad authority to act on the findings and sentence in this case was, in fact, unfettered by the FY14 NDAA and was reaffirmed in the FY15 NDAA. *See United States v. Nerad*, 69 M.J. 138, 145 (C.A.A.F. 2010) (noting that CAs enjoy unfettered discretion to modify the findings and sentence for any reason—without having to state a reason—so long as there is no increase in severity) and R.C.M. 1107(c) and (d).

The SJA's advice was an affirmative misstatement of the law that effectively precluded the appellant's opportunity to receive clemency. *See United States v. Davis*, 58 M.J. 100, 102 (C.A.A.F. 2003) (describing the CA as an accused's best hope for clemency). As such, the error was material and substantial. Given the extent to which CAs must rely on their SJAs to correctly explain post-trial processing—particularly in light of the recent changes to Article 60—we find a reasonable probability that the error misled the CA. There is nothing in the matters considered by the CA before taking his action that contradicted or corrected the SJA's erroneous advice. We therefore conclude the error in the SJA's advice was plain or obvious.

Notwithstanding the appellant's failure to raise the issue and articulate possible prejudice, we nevertheless find it exists. The SJA's erroneous advice that the CA could only act on the findings and sentence within the confines of the appellant's pretrial agreement barred the CA from modifying or dismissing the findings or otherwise granting relief on the imposed sentence beyond the protections in the pretrial agreement. In particular, the SJA's advice precluded the CA from considering and potentially granting the appellant's specific request to remain on active duty until his end of active service and to continue serving as a Petty Officer First Class. There being no indication that the CA ignored his SJA's incorrect advice, we find the apparent denial

---

[9] Pub. L. No. 113-291, 128 Stat. 3292, 3365 (2014)

of consideration itself to be a sufficient showing of possible prejudice. Accordingly, we must either grant meaningful relief or, as we direct in our decretal paragraph, remand. We next consider the CA's action, which notes the appellant's confinement was deferred on 15 October 2015. However, the appellant's request for deferment does not exist on the record, in his pretrial agreement, in post-trial submissions, or in the SJAR.[10] The CA "may, upon written application of the accused...defer the accused's sentence to confinement[.]" R.C.M. 1101(c)(2). "The deferment request and the action on the request must be included in the record of trial." *Id*. at 1101(c)(2) Discussion; *see also* R.C.M. 1103(b)(3)(D) and (c)(2).

"Deferment of a sentence to confinement . . . is a postponement of the running of the sentence." R.C.M. 1101(c)(1). "[A] sentence to confinement begins to run on the date it is adjudged unless it is deferred[.]" R.C.M. 1101(b), Discussion. Here, in the absence of an approved deferment request, the appellant's sentence to confinement ran from 15 October 2015 until the CA took his action on 5 January 2016. *See United States v. Lamb*, 22 M.J. 518, 519 (N.M.C.M.R 1986). As such, 82 days of the adjudged confinement elapsed prior to the CA taking his action, even though the appellant never actually served any confinement. As a result, only eight days of confinement remained for the CA to suspend.[11] *See United States v. Ham*, No. 201000627, 2011 CCA LEXIS 776 at 1, unpublished op. (N.M.Ct.Crim.App. 24 Mar 2011) (per curiam). The CA's action thus erroneously purports to suspend confinement (which is subject to potential future vacation) that has already run and therefore was technically served.

### Conclusion

The CA's action is set aside. The record of trial is returned to the Judge Advocate General for remand to an appropriate CA for new post-trial processing. The record shall then be returned to this court for review under Article 66(c), UCMJ.

Senior Judge KING and Judge MARKS concur.

For the Court



R.H. TROIDL
Clerk of Court

---

[10] *See*, Appellee's Response to Court Order to Produce of 18 March 2016. Also, we find the absence of a deferral request perplexing. First, the military judge highlighted the need for such a request while explaining the pretrial agreement effects (Record at 103-04). And second, the Results of Trial appended to the SJAR advised the CA that "written approved deferments" must be included in the record of trial. SJAR, enclosure (1) at 3.

[11] Assuming the CA does not otherwise modify the court's findings or sentence.