# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**B.T. PALMER, A.Y. MARKS, M.G. MILLER**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**MARK A. LEVRIE**
**GUNNERY SERGEANT (E-7), U.S. MARINE CORPS**

**NMCCA 201500375**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 10 July 2015.
**Military Judge:** LtCol E.A. Harvey, USMC.
**Convening Authority:** Commander, Marine Corps Base, Quantico, VA.
**Staff Judge Advocate's Recommendation:** Maj M.J. Eby, USMC.
**For Appellant:** Maj John J. Stephens, USMC; Capt Daniel R. Douglass, USMC.
**For Appellee:** LCDR Catheryne E. Pulley, JAGC, USN; Maj Tracey L. Holtshirley, USMC.

**12 July 2016**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of wrongful membership in a criminal gang; six specifications of wrongful possession of methamphetamine with intent to distribute; two specifications of wrongful use of methamphetamine; single specifications of wrongful use of cocaine and marijuana; and aiding and abetting assault consummated by a battery in violation of Articles 92, 112a, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 912a, and 928. The convening authority (CA) approved the adjudged sentence of confinement for one year and a bad-conduct discharge.

In a single assignment of error, the appellant asserts that that the sentence imposed was inappropriately severe when weighing the offenses to which he pled guilty against his deployments to Iraq and Afghanistan; his exemplary and heroic combat service; his diagnosed post-traumatic stress disorder and traumatic brain injury; and subsequent collateral consequences of being deprived of veterans' benefits. Although not raised by the appellant, we find post-trial processing error in the staff judge advocate's recommendation (SJAR), the addendum SJAR, and thus in the CA's action.

## DISCUSSION

The National Defense Authorization Act for Fiscal Year 2014[1] (FY14 NDAA) substantially limited the authority of CAs to take action on sentences under Article 60, UCMJ. The Article 60 changes became effective on 24 June 2014. The FY15 NDAA then provided clarification on how to apply the new law to courts-martial involving offenses which straddled that effective date:

> With respect to the findings and sentence of a court-martial that includes both a conviction for an offense committed before [24 June 2014] and a conviction for an offense committed on or after that effective date, the convening authority shall have the same authority to take action on such findings and sentence as was in effect on the day before such effective date[.][2]

Here, notwithstanding the fact the appellant was convicted of offenses which occurred both prior to and after the 24 June 2014 FY14 NDAA effective date, the SJAR incorrectly advised the CA that "the offenses will be approved by operation of law upon your *action on the sentence*" (emphasis added). This statement incorrectly implies the CA was limited to taking action on the sentence only. Under the clear law, however, the CA has significantly greater authority to take action on both the findings and the sentence. This erroneous statement of the law was not challenged by the appellant, corrected in an addendum to the SJAR, or addressed in the CA's action. The CA took his initial action on 22 October 2015 and did not grant the appellant's requested clemency or otherwise modify the findings or sentence.

We have previously held such an affirmative misstatement of the law in an SJAR effectively denies the appellant an opportunity to receive clemency. *United States v. Roller*, 75 M.J. 659, 661 (N.M.Crim.Ct.App. 2016). We have further held, such a misstatement, even when not challenged by counsel for accused, constitutes plain or obvious error. *Id.* at 660-61. Accordingly, we find post-trial error and direct corrective action in our decretal paragraph.

---

[1] Pub. L. No. 113-66, 127 Stat. 672 (2013).

[2] Pub. L. No. 113-291, 128 Stat. 3292, 3365 (2014).

## CONCLUSION

The CA's action is set aside.  The record of trial is returned to the Judge Advocate General for remand to an appropriate CA for new post-trial processing.  The record shall then be returned to this court for review under Article 66(c), UCMJ.

For the Court

R.H. TROIDL
Clerk of Court