# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

―――――――――――――

### No. 201600056

―――――――――――――

### UNITED STATES OF AMERICA
Appellee

v.

### CODY L. BANNISTER
Seaman (E-3), U.S. Navy
Appellant

―――――――――――――

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Keith A. Parrella, USMC.
For Appellant: Commander Brian L. Mizer, JAGC, USN.
For Appellee: Lieutenant Commander Justin C. Henderson, JAGC,
USN; Lieutenant Jetti L. Gibson, JAGC, USN.

―――――――――――――

Decided 30 November 2016

―――――――――――――

Before CAMPBELL, FULTON, and HUTCHISON, and *Appellate Military
Judges*

―――――――――――――

**This opinion does not serve as binding precedent, but may be cited
as persuasive authority under NMCCA Rule of Practice and
Procedure 18.2.**

―――――――――――――

HUTCHISON, Judge:

A panel of members with enlisted representation sitting as a special
court-martial convicted the appellant, contrary to his pleas, of one
specification of violating a lawful general order[1], two specifications of
abusive sexual contact, and one specification of assault consummated

---

[1] Secretary of the Navy Instruction 5300.26D, "Department of the Navy (DON)
Policy on Sexual Harassment" (3 Jan 2006).

by battery in violation of Articles 92, 120, and 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 920, and 928. The members sentenced the appellant to 45 days' restriction and a bad-conduct discharge. The convening authority (CA) approved only the bad-conduct discharge.

The appellant raises four assignments of error (AOE):

(1) Is the evidence factually sufficient to prove appellant committed abusive sexual contact?

(2) Is a bad-conduct discharge an inappropriately severe sentence?

(3) During their deliberations on sentence, the members asked the military judge if "an alternate option of admin[strative] sep[aration] or O[ther ]T[han ]H[onorable] besides the B[ad ]C[onduct ]D[ischarge] listed" was an available sentencing option. Did the military judge err when he failed to inform the members of their power to recommend clemency and simply answered "no?"; and

(4) Is the appellant entitled to meaningful relief or remand for post-trial processing where his trial defense counsel erroneously informed the CA in matters submitted pursuant to R.C.M. 1105 that Article 60, UCMJ, restricted her ability to grant clemency and the appointed Staff Judge Advocate failed to submit an addendum to the CA correcting this error?

In addition, we specified the issue of whether the military judge erred when he instructed the members, "if based on your consideration of the evidence, you are firmly convinced that the accused is guilty of the crime charged, you must find him guilty. . . . [h]owever, if on the whole of the evidence, you are satisfied beyond a reasonable doubt of the truth of each and every element of an offense, then you should find the accused guilty of that offense."[2]

After careful consideration of the record of trial, the appellant's assignments of error, and the pleadings of the parties, we find merit in the appellant's fourth AOE, direct corrective action in our decretal

---

[2] Record at 257-58. Subsequent to specifying this issue, this court upheld identical instructional language in *United States v. Rendon*, __ M.J. __, No. 201500408, 2016 CCA LEXIS 643, at *26 (N-M. Ct. Crim. App. 1 Nov 2016). We find, therefore, that this instruction was not erroneous. *United States v. Clifton*, 35 M.J. 79, 81-82 (C.M.A. 1992).

paragraph, and consequently, do not reach the remaining AOEs. *See* Art. 66 (c), UCMJ; *United States v. Alexander*, 63 M.J. 269, 274 (C.A.A.F. 2006) ("[A] Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority.") (citation and internal quotation marks omitted).

## I. BACKGROUND

The charges in this case all stem from the appellant's interactions with Seaman Recruit (SR) ELC, while they were both students at Hospital Corpsman "A" School in Fort Sam Houston, Texas. They met at the beginning of April 2014 through a mutual friend, and the appellant eventually asked SR ELC out on a date. SR ELC declined the invitation and noticed a change in the way the appellant treated her. Thereafter, the appellant began calling her names like "slut" and "whore."[3]

Between the end of April 2014 and July 2014, the appellant's behavior included touching SR ELC: coming up behind and grabbing her right breast while she was returning to her barracks room;[4] "slapp[ing] [ELC's] butt" and cupping both of her breasts while standing around the "smoke pit;"[5] "smack[ing] [ELC's] butt" as she returned from the "smoke pit" to her barracks room;[6] placing his hand on, and then moving it up, ELC's thigh while seated in the computer lab;[7] "flick[ing] [ELC's] breast" in the computer lab after being told to stop;[8] and "grabb[ing] [ELC's] breast again" while she was standing in line at the Java Nook café.[9]

The National Defense Authorization Act for Fiscal Year 2014[10] (FY14 NDAA) substantially changed the authority of CAs to take action on findings and sentences under Article 60, UCMJ. Under the changes, a CA can no longer, except for only the most minor offenses, dismiss any charge or specification or change any finding of guilty to a

---

[3] Record at 98.

[4] *Id.* at 99.

[5] *Id.* at 101.

[6] *Id.* at 103.

[7] *Id.* at 105.

[8] *Id.* at 107.

[9] *Id.* at 109.

[10] Pub. L. No. 113-66, 127 Stat. 672 (2013).

finding of guilty to a lesser included offense.[11] In acting on sentences, CAs can no longer "disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct discharge" unless certain exceptions exist.[12] The President signed the FY14 NDAA on 26 December 2013, and the Article 60, UCMJ, changes became effective on 24 June 2014. The National Defense Authorization Act for Fiscal Year 2015 provided clarification for courts-martial involving offenses which straddled that effective date:

> With respect to the findings and sentence of a court-martial that includes both a conviction for an offense committed before [24 June 2014] and a conviction for an offense committed on or after that effective date, the convening authority shall have the same authority to take action on such findings and sentence as was in effect on the day before such effective date[.][13]

On 14 January 2016, the CA's staff judge advocate (SJA), in apparent recognition of the inapplicability of the Article 60, UCMJ, changes to the appellant's offenses, correctly advised the CA that "action on the guilty findings or sentence is a matter within your discretion."[14] The Staff Judge Advocate's Recommendation (SJAR) also instructed the CA that she "must consider . . . any post-trial matters submitted by the defense."[15] In response to the SJAR, on 28 January 2016, trial defense counsel submitted matters pursuant to RULE FOR COURTS-MARTIAL (R.C.M.) 1105(b), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), erroneously stating that changes to Article 60, UCMJ and RCM 1107 "have removed most, but not all of the Convening Authority's discretion to grant clemency . . . . [h]owever, although these limitations restrict you from correcting the findings in this case based on a lack of factual sufficiency, you are still authorized to grant clemency in regards to some portions of the adjudged sentence."[16] Trial defense counsel asked the CA to disapprove the adjudged 45 days' restriction. The SJA did not submit an addendum to

---

[11] *Id.* at 956.

[12] *Id.* at 956-57.

[13] Pub. L. No. 113-291, 128 Stat. 3292, 3365 (2014).

[14] Staff Judge Advocate's Recommendation at 1.

[15] *Id.*

[16] Trial Defense Counsel ltr Ser 5815 of 28 Jan 2016 at 1.

her recommendation, and on 16 February 2016 the CA granted the requested clemency and approved only the bad-conduct discharge.

## II. DISCUSSION

"Where there is error in post-trial processing and 'some colorable showing of possible prejudice' thereby, this court must either provide meaningful relief or remand for new post-trial processing." *United States v. Roller*, 75 M.J. 659, 661 (N-M. Ct. Crim. App. 2016) (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)) (additional citation omitted).

The appellant's trial defense counsel provided a legally defective argument in his clemency submission by stating the CA had limited ability to act upon the findings and sentence due to recent amendments to Article 60, UCMJ.[17] Since the appellant's offenses "straddled" the effective date of the changes to Article 60, UCMJ, the CA had the unfettered ability to disapprove findings or grant relief in clemency.

Our sister court recently upheld an airman's convictions for offenses which occurred prior to the effective date for changes to Article 60, UCMJ—despite the fact that trial defense counsel submitted clemency erroneously conceding that the CA's power was limited by the change in the law. *United States v. Addison*, No. S32287, 2016 CCA LEXIS 288, unpublished op. (A.F. Ct. Crim. App. 6 May 2016). The Air Force Court of Criminal Appeals found no plain error in post-trial processing, reasoning that although trial defense counsel erroneously interpreted the FY14 NDAA changes to Article 60, UCMJ, he did not allege any legal errors, the SJAR correctly indicated no corrective action on the findings or sentence was required, and the SJAR and its addendum otherwise complied with the requirements of R.C.M. 1106(d)(4). *Id.* at *4-5.

The Court of Appeals for the Armed Forces (CAAF) granted review on "whether appellant is entitled to new post-trial processing because

---

[17] The appellant does not raise as an assignment of error that his trial defense counsel was ineffective, but rather avers that the SJA should have submitted an addendum to her SJAR correcting trial defense counsel's erroneous assertions regarding the CA's post-trial authorities. We are not required to first find counsel ineffective to order new post-trial processing, even if the error might be in part due to trial defense counsel. *See, e.g. United States v. Fordyce*, 69 M.J. 501, 504 (A. Ct. Crim. App. 2010) (en banc) (ordering new post-trial processing for trial defense counsel's failure to inform her client of the post-trial right to request deferral or waiver of automatic forfeitures from the CA, without finding ineffective assistance of counsel).

the addendum to the staff judge advocate's recommendation failed to correct an error in appellant's clemency submission" and summarily set aside the Air Force court's opinion, remanding the case for a new SJAR and CA's action, with the appellant to "be represented by a new and conflict-free trial defense counsel." *United States v. Addison*, 75 M.J. 405 (C.A.A.F. 2016).

The appellee urges us to distinguish the facts of this case from *Addison*, arguing that CAAF's decision to remand *Addison* turned on the *Addison* SJA having submitted an addendum to his SJAR which did not comment on trial defense counsel's inaccurate analysis of the CA's Article 60 authority.[18] That addendum SJAR, the government contends, had the effect of ratifying trial defense counsel's misstatement of the law.[19] Conversely, the SJA here did not submit any addendum to her SJAR and therefore did not ratify trial defense counsel's error.

We find no distinction between the *Addison* addendum SJAR that did not correct trial defense counsel's misinterpretation of Article 60, UCMJ, and the lack of any such addendum in this case. Indeed, in both cases, while the SJARs correctly advised the respective CAs on their unfettered authority to act on the findings and sentence, they also instructed the CAs they were "required to consider" post-trial matters submitted by the defense.[20] As a practical matter, the SJA placed the CA here in the same position as the *Addison* CA, requiring her to consider an uncorrected, affirmative misstatement of the law as to her authority to act on the findings and sentence.

Having found error in the post-trial processing, we next test for prejudice and conclude that the appellant has made "some colorable showing of possible prejudice." *Wheelus*, 49 M.J. at 289. Trial defense counsel argued strenuously against a bad-conduct discharge in sentencing,[21] and when questioned by the SJA regarding whether he had additional matters to present to the CA following submission of a statement by the victim, trial defense counsel reluctantly, albeit erroneously, conceded that he could not "really challenge the validity of the findings or BCD[.]"[22] Given trial defense counsel's stated

---

[18] Appellee's Brief of 23 Sep 2016 at 33.

[19] *Id.*

[20] SJAR at 1.

[21] Record at 331.

[22] Trial Defense Counsel's E-mail of 29 Jan 2016.

misunderstanding of the law and that the CA granted the only clemency requested by disapproving the adjudged restriction, we conclude the CA might have structured "an alternative form of clemency," such as bad-conduct discharge relief or disapproval of findings had trial defense counsel not misstated the CA's Article 60, UCMJ, authority, and had that misstatement not gone uncorrected by the SJA.

### III. CONCLUSION

The CA's action is set aside. The record of trial is returned to the Judge Advocate General for remand to an appropriate CA for new post-trial processing with the appellant represented by conflict-free counsel.

Senior Judge CAMPBELL and Judge FULTON concur.

For the Court

R.H. TROIDL
Clerk of Court