# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

No. 201600190

———————————

## UNITED STATES OF AMERICA
Appellee

v.

## MICHAEL L. GIACINTI
Lance Corporal (E-3), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Major Mark D. Sameit, USMC.
Convening Authority: Commanding General, 3d Marine Aircraft Wing, MCAS Miramar, San Diego, CA.
Staff Judge Advocate's Recommendation: Colonel Daren K. Margolin, USMC.
For Appellant: Captain Bree A. Ermentrout, JAGC, USN.
For Appelle: Major Kelli A. O'Neal, USMC; Lieutenant Commander Jeremy R. Brooks, JAGC, USN.

———————————

Decided 31 January 2017

———————————

Before CAMPBELL, FULTON, and GLASER-ALLEN, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

GLASER-ALLEN, Judge:

A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of making a false official statement; several drug offenses, including possession with intent to distribute,

manufacturing with intent to distribute, incapacitation for performance of duties through prior wrongful indulgence in drugs, introduction onto a military installation, six wrongful use specifications, two distribution specifications ; as well as a disorderly conduct specification, in violation of Articles 107, 112a, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 907, 912a, and 934 (2012). The military judge sentenced the appellant to 42 months' confinement and a dishonorable discharge. The convening authority (CA) approved the sentence and, pursuant to a pretrial agreement (PTA), suspended all confinement in excess of 36 months.

Although the case was submitted for appellate review without assignment of error, we specified the following issue:

> Did the appellant receive the effective assistance of counsel in his post-trial representation where detailed defense counsel specifically limited the appellant's requested clemency request due to a misunderstanding of the CA's clemency powers, when the CA was empowered to grant much broader relief under the law? If not, was appellant prejudiced by this deficiency?

Having carefully considered the record of trial and the parties' pleadings, we answer the specified issue in the negative, finding no prejudice. We conclude the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The National Defense Authorization Act for Fiscal Year 2014[1] (FY14 NDAA) substantially changed the authority of CAs to take action on findings and sentences under Article 60, UCMJ. Regarding actions on findings after trial, CAs can no longer, except for only the most minor offenses, dismiss any charge or specification or change any finding of guilty to a finding of guilty to a lesser included offense.[2] Acting on sentences, CAs can no longer "disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct discharge" outside of two exceptional circumstances—neither of which exists here.[3]

---

[1] Pub. L. No. 113-66, 127 Stat. 672 (2013).

[2] *Id.* at 956.

[3] *Id.* at 956-57. CAs retain the ability to act on adjudged punitive discharges and/or confinement in excess of six months when such action is taken pursuant to the terms of a PTA or following a prosecutor's written recommendation which documents an accused's substantial assistance in investigating or prosecuting other cases.

The changes to Article 60, UCMJ, became effective on 24 June 2014, and the FY15 NDAA provided clarification for courts-martial such as this one, which involves offenses occurring before and after that effective date:

> With respect to the findings and sentence of a court-martial that includes both a conviction for an offense committed before [24 June 2014] and a conviction for an offense committed on or after that effective date, the convening authority shall have the same authority to take action on such findings and sentence as was in effect on the day before such effective date[.][4]

The appellant's offenses occurred between 1 June 2014 and 30 August 2015.

Trial defense counsel (TDC) submitted a post-trial clemency request which asked the CA to disapprove the appellant's automatic reduction in rank or, alternatively, to suspend the reduction until the appellant's discharge. The request erroneously explained:

> Broad authority to grant clemency was until recently a tool available for commanders to utilize as a means of displaying mercy or encouraging certain positive behavior in worthy cases. For example, a commander could limit confinement time or modify the type of discharge adjudicated at nearly all courts-martial. However, recent changes in the law significantly circumscribe a commander's authority to grant clemency in appropriate cases such as this one.
>
> Under the new law, one of the only available means of providing clemency in this case would be to disapprove the reduction of . . . rank, or alternatively, suspend the reduction until he is discharged from the Marine Corps.[5]

The staff judge advocate's recommendation (SJAR) correctly addressed the appellant's misunderstanding of the CA's authority in this case, noting:

> While you have some discretion in acting on the guilty findings or sentence, you must consider the results of trial (enclosure (1)), this recommendation and any addendum thereto, and any post-trial trial matters submitted by the defense.
>
> **Straddling Offenses Case**. The accused was found guilty of offenses occurring both before and on or after 24 June 2014.

---

[4] Pub. L. No. 113-291, 128 Stat. 3292, 3365 (2014).

[5] Clemency Request, 27 Jan 2016, at 1-2, ¶ 6-7.

Accordingly, you may take whatever action you deem appropriate on the guilty findings and/or on the sentence.[6]

TDC neither responded to the SJAR nor requested additional clemency in light of the SJAR's correct guidance regarding the CA's still-unfettered options on the findings and sentence in this straddling offenses case. The CA took action without granting any clemency.

## II. DISCUSSION

In reviewing claims of ineffective assistance of counsel, we "look at the questions of deficient performance and prejudice *de novo*." *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012) (quoting *United States v. Gutierrez*, 66 M.J. 329, 330-31 (C.A.A.F. (2008)). However, we "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). Thus, the appellant bears the burden of demonstrating (1) that his counsel's performance was deficient to the point that he "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" and (2) "that the deficient performance prejudiced the defense[.]" *Id.* (citations and internal quotation marks omitted).

In evaluating claims of post-trial ineffective assistance of counsel, courts must give an appellant the benefit of the doubt and find that "there is material prejudice to the substantial rights of an appellant if there is an error and the appellant 'makes some colorable showing of possible prejudice.'" *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (quoting *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997)). In demonstrating a "colorable showing of prejudice," appellants must provide "an adequate description of what a properly advised convening authority might have done to structure an alternative form of clemency." *United States v. Capers*, 62 M.J. 268, 270 (C.A.A.F. 2005).

Courts are not required, however, to determine whether counsel's performance was deficient before first examining whether the appellant suffered any prejudice. *Datavs*, 71 M.J. at 424-25. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697. "Where there is error in post-trial processing and 'some colorable showing of possible prejudice' thereby, this court must either provide meaningful relief or remand for new post-trial processing." *United States v. Roller*, 75 M.J. 659, 661 (N-M. Ct. Crim. App. 2016) (quoting *Wheelus*, 49 M.J. at 289 (additional citation omitted)).

---

[6] SJAR of 8 April 2016 at 1-2, ¶ 1, 11.

Even assuming *arguendo* that TDC's performance was deficient, given his misstatement of the law, the appellant here fails to demonstrate a colorable showing of possible prejudice.

This case differs from others recently involving prejudicial error and requiring new post-trial action. For example, in *United States v. Bannister*, No. 201600056, 2016 CCA LEXIS 686, unpublished op. (N-M. Ct. Crim, App. 30 Nov 2016), and *United States v. Addison*, 75 M.J. 405 (C.A.A.F. 2016), the TDC, as here, misunderstood the Article 60, UCMJ, changes and incorrectly believed the CA had restricted clemency authority. But in both cases, the clemency submission misstating the limits of the CA's authority was submitted after the SJAR. In *Bannister*, though the SJAR had "correctly advised the CA that 'action on the guilty findings or sentence is a matter within your discretion,'" there was no SJAR addendum to inform the CA of the TDC's misstatements. 2016 CCA LEXIS 686 at *5-6. In *Addison*, although there was an SJAR addendum, it nonetheless failed to correct the TDC's misstatement in the clemency request. *United States v. Addison*, No. S32287, 2016 CCA LEXIS 288, at *3-5, unpublished op., (A.F. Ct. Crim. App. 6 May 2016), *rev'd*, 75 M.J. 405 (C.A.A.F. 2016). Thus, in both *Bannister* and *Addison*, the CA was left with uncorrected statements of his post-trial authority before taking action, resulting in deficient TDC performance or a colorable showing of possible prejudice remedied by appellate court orders for new post-trial processing.

Here, an accurate SJAR followed the inaccurate clemency request. It properly advised that this is a straddling offenses case and that the CA retained complete authority to take "whatever action [he] deemed appropriate on the guilty findings and/or on the sentence."[7] Therefore, since it corrected the TDC's misstatement of the law and properly informed the CA of his full range of clemency authority, we conclude the appellant has not made a colorable showing of possible prejudice.[8] Further, the appellant has not

---

[7] *Id.* at 1, ¶ 11.

[8] *See, e.g., United States v. Garcia*, No. 20160116, 2016 CCA LEXIS 714, unpublished op. (N-M. Ct. Crim. App. 15 Dec 2016) (finding that the TDC requested clemency outside the CA's authority as a tactical decision to preserve the appellant's rights should the Article 60, UCMJ, amendments be successfully challenged); *United States v. Mitcham*, No. 201600173, 2016 CCA LEXIS 675, at *4-5 unpublished op. (N-M. Ct. Crim. App. 29 Nov 2016) (per curiam) (finding no colorable showing of possible prejudice where the CA's action acknowledged the discrepancy between the SJAR's correct explanation of his limited clemency powers and the TDC's erroneous request for clemency outside of his authority to grant, and the CA noted that he would not have granted the requested clemency even if he had the authority to do so); and *United States v. Bell*, No. 201600066, 2016 CCA LEXIS 608, unpublished op., (N-M. Ct. Crim. App. 20 Oct 2016) (per curiam) (finding no

articulated any specific prejudice that resulted from the clemency request, and has submitted no evidence indicating how his TDC's clemency submission contrasted with his wishes.[9] Likewise, the appellant fails to adequately describe what the CA "might have done to structure an alternative form of clemency." *United States v. Capers*, 62 M.J. 268, 270 (C.A.A.F. 2005). Indeed, at the time of his action, the CA knew the TDC had asked for suspension of the appellant's reduction in rank, possessed the correct advice from his SJA that he retained unfettered authority on findings and sentence, and yet granted no clemency at all. The appellant has submitted no evidence that the CA would have been more lenient or done something different, had the TDC made a different or more expansive request.[10]

### III. CONCLUSION

Accordingly, the findings and sentence are approved.

Senior Judge CAMPBELL and Judge FULTON concur.

For the Court



R.H. TROIDL<br>Clerk of Court

---

"colorable showing" of "possibl[e] prejudice[]" where the TDC requested clemency outside the CA's authority, but the appellant did not raise ineffective assistance of counsel (citing *United States v. Conrad*, No. 201600142, 2016 CCA LEXIS 535, at *2-3 unpublished op. (N-M. Ct. Crim. App. 8 Sep 2016) (per curiam))..

[9] *See e.g., United States v. Starling*, 58 M.J. 620, 622-23 (N-M. Ct. Crim. App. 2003) (finding that "bare allegations" of "inadequate representation" are not "seriously entertained" by courts without submission of an affidavit showing how counsel acted contrary to appellant's wishes); *United States v. Pierce*, 40 M.J. 149, 151 (C.M.A. 1994) (finding that vague or general intimations with regards to what the appellant would have submitted to the convening authority are insufficient to show prejudice).

[10] *See United States v. Hoye*, No. S31538, 2009 CCA LEXIS 122, *5-6, unpublished op. (A. F. Ct. Crim. App. 7 Apr 2009) (per curiam) (finding that "there has simply been no showing that absent alleged deficient conduct there is a reasonable probability that the approved sentence would have been different," where the CA was "ostensibly aware" of Hoye's desired sentence reduction, had already separately considered the materials that Hoye would have submitted to the CA in a clemency petition, and had already denied Hoye's requested clemency).