# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

## No. 201600236

————————————

### UNITED STATES OF AMERICA
Appellee

v.

### EDDIE C. CARTHAN
Lieutenant (O-3), U.S. Navy
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Commander Robert P. Monahan, Jr., JAGC, USN.
Convening Authority: Commanding General, Marine Corps
Warfighting Laboratory, Marine Corps Combat Development
Command, Marine Corps Base, Quantico, VA.
Staff Judge Advocate's Recommendation: Colonel Ian D. Brasure,
USMC; Addendum: Colonel Scott M. Marconda, USMC.
For Appellant: Captain Bree A. Ermentrout, JAGC, USN.
For Appellee: Captain Jacob R. Walker, JAGC, USN; Lieutenant
Jetti L. Gibson, JAGC, USN.

————————————

Decided 29 August 2017

————————————

Before GLASER-ALLEN, MARKS, and RUGH,[1] *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

GLASER-ALLEN, Chief Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of abusive sexual

---

[1] Judge Rugh took final action in this case prior to detaching from the court.

contact, three specifications of assault consummated by a battery, and one specification of conduct unbecoming an officer and gentleman, in violation of Articles 120, 128, and 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 928, and 933 (2012). The military judge sentenced the appellant to one year confinement, forfeiture of all pay and allowances, and a dismissal. The convening authority (CA) approved the sentence as adjudged and, except for the dismissal, ordered the sentence executed.

The appellant raises a single assignment of error (AOE): the staff judge advocate erroneously advised the CA that Article 56, UCMJ, restricted his ability to grant clemency. After careful consideration of the record of trial, the appellant's assignment of error, and the pleadings of the parties, we find merit in the appellant's AOE and direct corrective action in our decretal paragraph.

## I. BACKGROUND

The appellant's offenses occurred between 1 January 2014 and 1 November 2014. He pleaded guilty and was convicted of an Article 120 offense—abusive sexual contact. The staff judge advocate's recommendation (SJAR) advised the CA that the appellant's offenses were subject to a mandatory minimum sentence under Article 56, UCMJ, and he could not take action on findings pursuant to Article 60, UCMJ.

## II. DISCUSSION

### A. Applicability of Article 56, UCMJ, and mandatory minimums

We are presented with two separate, but significant, SJAR errors. The first is the misapplication of Article 56, UCMJ, regarding mandatory minimum sentences and the second is a misunderstanding of the CA's Article 60, UCMJ, authority on findings in a straddling offenses case.

"Where there is error in post-trial processing and 'some colorable showing of possible prejudice' thereby, this court must either provide meaningful relief or remand for new post-trial processing." *United States v. Roller*, 75 M.J. 659, 661 (N-M. Ct. Crim. App. 2016) (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)) (additional citation omitted).

The SJAR advised the CA:

> **Straddling Offenses Case**. The accused was found guilty of offenses occurring both before and on or after 24 June 2014. Accordingly, you may take whatever action you deem appropriate on the guilty findings and/or on the sentence, except that if you approve a finding of guilty for Article 120 and

120c, *which have mandatory minimum sentences under Article 56(b), UCMJ, those minimum sentences will still apply.*[2]

**<u>Mandatory Minimum Sentence</u>**. The accused was found guilty of an offense with a *mandatory minimum sentence* under Article 56(b), UCMJ. Therefore, you may not act to disapprove, commute, or suspend that portion of the adjudged sentence.[3]

These paragraphs are misstatements of the law. The appellant pleaded to and was convicted of abusive sexual contact—an offense under Article 120(d), UCMJ. Abusive sexual contact is not one of the enumerated offenses requiring a mandatory minimum sentence including dismissal; therefore the CA had unfettered authority to take any action he deemed appropriate on the sentence in this case.[4]

## B. Article 60, UCMJ, error

Despite the fact the appellant was convicted of offenses which occurred both prior to and after the 24 June 2014 FY14 National Defense Authorization Act (NDAA) effective date, the SJAR incorrectly advised the CA that "the offense will be approved by operation of law upon your *action on the sentence.*"[5] This statement implies the CA was limited to taking action on the sentence only. Under the law, however, the CA had unfettered authority

---

[2] SJAR of 3 Jun 2016 at 6, ¶ 12 (emphasis added).

[3] *Id.* at 7, ¶ 14 (emphasis added).

[4] Congress amended Article 56, UCMJ, 10 U.S.C. § 856 in 2013 to read, in part, that while a person subject to the UCMJ who is found guilty of certain sexual offenses shall be punished as a general court-martial may direct, such punishment must include, at a minimum, dismissal or a dishonorable discharge, except as provided for in Article 60, UCMJ. These sexual offenses include:

(A) An offense in violation of subsection (a) or (b) of section 920 of this title (Article 120(a) or (b)) [10 U.S.C. § 920(a) or (b)].

(B) Rape and sexual assault of a child under subsection (a) or (b) of section 920b of this title (Article 120b) [10 U.S.C. § 920b].

(C) Forcible sodomy under section 925 of this title (Article 125) [10 U.S.C. § 925].

(D) An attempt to commit an offense specified in subparagraph (A), (B), or (C) that is punishable under section 880 of this title (Article 80) [10 U.S.C. §880].

[5] SJAR at 7, ¶ 13(b) (emphasis added).

to take action on both findings and sentence because the case contained straddling offenses.[6]

The CA took his action on 6 July 2016 and did not grant the appellant's requested clemency or otherwise modify the findings or sentence. The erroneous statements of the law in the SJAR were not challenged by the appellant, corrected in the SJAR addendum, or addressed in the CA's action.

Here, the SJAR contained affirmative misstatements of the law that Article 56, UCMJ, mandatory minimum sentences applied in this case. *Roller*, 75 M.J. at 661. It also incorrectly advised the CA that Article 60, UCMJ, prevented action on the findings. *United States v. Levrie*, No. 201500375, 2016 CCA LEXIS 401, at *3-4, unpublished op. (N-M. Ct. Crim. App. 12 Jul 2016) (per curiam). The CA was left with uncorrected misstatements of his post-trial authority before taking action, resulting in a colorable showing of possible prejudice best remedied by remand for new post-trial processing.[7]

### III. CONCLUSION

The CA's action is set aside. The record of trial is returned to the Judge Advocate General for remand to an appropriate CA for new post-trial processing. The record shall then be returned to this court for review under Article 66(c), UCMJ.

Senior Judge MARKS and Judge RUGH concur.

For the Court

R.H. TROIDL
Clerk of Court



---

[6] The changes to Article 60, UCMJ, became effective on 24 June 2014. The FY15 NDAA provided clarification for courts-martial such as this one, which involve offenses occurring before and after that effective date:

> With respect to the findings and sentence of a court-martial that includes both a conviction for an offense committed before [24 June 2014] and a conviction for an offense committed on or after that effective date, the convening authority shall have the same authority to take action on such findings and sentence as was in effect on the day before such effective date[.]

Pub. L. No. 113-291; 128 Stat. 3292, 3365 (2014).

[7] The SJAR also incorrectly provided that the appellant did not make a request for deferment of confinement. Similarly, the court martial order contained errors regarding conditional dismissal of some language in the offenses.