# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

———————————————

**No. 201600171**

———————————————

## UNITED STATES OF AMERICA
Appellee

v.

## JOSEPH F. VANKEMSEKE
Staff Sergeant (E-6), U.S. Marine Corps
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Eugene H. Robinson, Jr., USMC.
Convening Authority: Commanding General, 3d Marine Logistics
Group, Okinawa, Japan.
Staff Judge Advocate's Recommendation: Major Michael C. Evans,
USMC.
For Appellant: Lieutenant Jacqueline M. Leonard, JAGC, USN.
For Appellee: Major Kelli A. O'Neil, USMC; Lieutenant James M.
Belforti, JAGC, USN.

———————————————

Decided 22 August 2017

———————————————

Before MARKS, RUGH, AND BELSKY, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————————

BELSKY, Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of attempted indecent exposure, communicating indecent language, and disorderly conduct, in violation of Articles 80, 120c, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 920c, and 924 (2012). The military judge sentenced the appellant to six months' confinement, reduction to pay grade E-1, a

reprimand, and a bad-conduct discharge. The convening authority (CA) disapproved the reprimand,[1] approved the remaining sentence as adjudged, and with the exception of the punitive discharge, ordered the sentence executed.

On appeal, the appellant alleges that trial defense counsel (TDC) was constitutionally deficient during the post-trial stage[2] and that a sentence which included six months' confinement and a bad-conduct discharge was inappropriately severe. Additionally, we ordered briefing on whether, in light of *United States v. Uriostegui*, 75 M.J. 857 (N-M. Ct. Crim. App. 2016), the military judge abused his discretion in accepting the appellant's plea to attempted indecent exposure. After considering the pleadings from the parties, and carefully considering the record of trial, we find that the appellant's plea to attempted indecent exposure was improvident. We take corrective action in our decretal paragraph. Finding no other error materially prejudicial to the substantial rights of the appellant, we affirm the remaining findings and, after reassessment, the sentence. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

Between August 2014 and February 2015, the appellant exchanged text messages and emails with "Savannah," an individual he met online, and whom he believed was a 15-year-old girl.[3] In reality, Savannah was an undercover agent for the Naval Criminal Investigative Service.[4] On several occasions, and in an effort to sexually arouse her, the appellant sent Savannah unsolicited photographs of his naked, erect penis via text message.[5] The appellant also tried unsuccessfully on several occasions to entice Savannah to send him naked pictures of herself.[6]

After trial, the TDC submitted a request for clemency on the appellant's behalf, requesting that the CA disapprove all adjudged and automatic reductions below the pay grade E-5.[7] The CA denied this request.[8]

---

[1] After initially approving the entire adjudged sentence, the CA then disapproved the reprimand in accordance with the terms of a PTA.

[2] Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] Record at 28, 35; Prosecution Exhibit (PE) 1 at 2.

[4] Record at 29, 35.

[5] *Id.* at 27, 36; PE 1 at 2.

[6] PE 1 at 2.

[7] Clemency Request of 29 Apr 2016.

[8] Convening Authority's Action of 2 May 2016 at 5.

Now, through a sworn declaration, the appellant claims that his TDC submitted the clemency request without first contacting him and without including any mitigation evidence the appellant intended to submit to the CA with his clemency request.[9] The appellant states that if his TDC had consulted him, he would have instructed counsel to submit to the CA a letter from his pastor, as well as his own written clemency statement.[10] Both documents essentially asked the CA to disapprove the appellant's punitive discharge, and to instead administratively separate him from the Marine Corps.[11] The appellant also states that he would have instructed his TDC to "request at the very least a slight reduction in my sentence in order to return to my family…."[12]

In response to the allegations the appellant raised in his declaration, we ordered a sworn declaration from the TDC. In his declaration, the TDC stated that he had multiple conversations with the appellant before submitting clemency.[13] He also stated that while he was unable to contact the appellant after receiving the staff judge advocate's recommendation, he requested relief he "believed was in accordance with [the appellant's] previously stated desire to place his family in the best possible financial position . . . ."[14] According to his declaration, the TDC did not request that the CA disapprove the appellant's discharge because he believed the CA lacked the authority to grant such relief. He also did not request early relief from confinement because he believed the CA intended the appellant "to serve every day of his sentence to confinement" to balance out other terms of the pretrial agreement (PTA), which allowed the appellant to avoid the sex offender notification provisions of DoD Instruction 1325.07.[15]

## II. DISCUSSION

### A. Ineffective assistance of counsel

"By virtue of Article 27, UCMJ, 10 U.S.C. § 827. . . as well as the Sixth Amendment of the Constitution, a military accused is guaranteed the

---

[9] Appellant's Motion to Attach of 14 Oct 2016, Appendix 3, Appellant's Declaration of 5 Oct 2016 at 2.

[10] *Id.,* Appendix 1-2, Gary Craft letter undated and Appellant's letter undated.

[11] *Id.*, Appendix 3 at 2.

[12] *Id.*

[13] Government's Response to Court Order of 11 Jan 2017, Trial Defense Counsel's Declaration of 11 Jan 2017 at 1.

[14] *Id.* at 2.

[15] *Id.*

effective assistance of counsel." *United States v. Scott*, 24 M.J. 186, 187-88 (C.M.A. 1987) (citations omitted). This guarantee includes the right to effective counsel during the post-trial process. *United States v. Cornett*, 47 M.J. 128, 133 (C.A.A.F. 1997). To establish a claim of ineffective assistance of counsel, an appellant must demonstrate: (1) that his counsel's performance was deficient to the point that he "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment;" and (2) that the deficient performance prejudiced the appellant. *United States v. Tippit*, 65 M.J. 69, 76 (C.A.A.F. 2007) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). When evaluating claims of post-trial ineffective assistance of counsel, "there is material prejudice to the substantial rights of an appellant if there is an error and the appellant 'makes some colorable showing of possible prejudice.'" *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998) (quoting *United States v. Chatman*, 46 M.J. 321, 323-24 (C.A.A.F. 1997)). While the "colorable showing" threshold is low, "the prejudice must bear a reasonable relationship to the error, and it must involve a reasonably available remedy." *United States v. Capers*, 62 M.J. 268, 270 (C.A.A.F. 2005) (citation omitted). Additionally, we need not determine whether counsel's performance was deficient in a given case "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice," which will often be the case. *United States v. Datavs*, 71 M.J. 420, 424 (C.A.A.F. 2012). We review *de novo* whether an appellant was deprived of the effective assistance of counsel at the post-trial stage. *Id.*

In the appellant's case, even if we assume without deciding that the TDC's post-trial performance was constitutionally deficient, we find that the appellant has not made the colorable showing of possible prejudice necessary to justify setting aside the CA's action. First, as the TDC correctly notes in his declaration, the CA did not have the authority, under Article 60, UCMJ, to disapprove the appellant's bad-conduct discharge, since the appellant pleaded guilty to offenses all of which occurred after 24 June 2014. *United States v. Kruse*, 75 M.J. 971, 973 (N-M. Ct. Crim. App. 2016). Thus, submitting the appellant's clemency letter, and the letter from his pastor, which only requested relief from the punitive discharge, could not have changed the CA's decision to approve the discharge.

Second, there is nothing in the record or the appellant's post-trial submissions to reasonably suggest that a different clemency submission might have inspired the CA to reduce the appellant's adjudged sentence of confinement. Neither the letter from the appellant's pastor nor the appellant's own clemency letter requested or provided any reasonable basis for reducing the appellant's confinement. This would have left the appellant with basically a bare-bones plea for a reduction in confinement, and there is nothing to suggest the CA might have granted this request given that the

appellant already enjoyed the benefit of a favorable PTA, which "was negotiated to avoid any conviction that would trigger the sex offender notification provisions of DoD Instruction 1325.07," and given that the adjudged confinement was already roughly one-quarter the amount of time the CA could have approved under Part II of the PTA.[16]  In light of these facts, we are convinced that the appellant's claim is without merit.

## B. Providence of the appellant's attempted indecent exposure plea

We review a military judge's acceptance of a guilty plea for an abuse of discretion, reversing only if the "record shows a substantial basis in law or fact for questioning the plea." *United States v. Moon*, 73 M.J. 382, 386 (C.A.A.F. 2014) (citation omitted). In *Uriostegui*, which included facts identical to the appellant's case, we held that the crime of indecent exposure in Article 120c, UCMJ, did not encompass the electronic transmission of a photograph or digital image of one's genitalia to another person, even if the perpetrator believed the recipient to be an underage girl. *Uriostegui*, 75 M.J. at 865-66. Consistent with that holding, which was decided after the military judge accepted this appellant's plea, we find a substantial basis in law to question the appellant's plea to attempted indecent exposure and set aside the guilty finding. Next, we "consider the need for sentence reassessment." *Id.* at 866.

This court possesses broad discretion to reassess an appellant's sentence. *United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013). Sentence reassessment is only appropriate if we are able to reliably determine that, absent the error, the sentence "would have been at least of a certain magnitude." *United States v. Harris*, 53 M.J. 86, 88 (C.A.A.F. 2000) (citation and internal quotation marks omitted). A reassessed sentence must not only "be purged of prejudicial error [but] also must be 'appropriate' for the offense[s] involved." *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

We base these determinations on the totality of the circumstances of each case, guided by the following "illustrative, but not dispositive, points of analysis:"

---

[16] On this point, we note that the PTA provided no protection on the amount of confinement the CA could approve. This lends credence to TDC's statements that the CA was seeking "significant confinement exposure," and "was going to require the appellant to serve every day of his sentence of confinement." Government's Response to Court Order of 11 Jan 2017, Trial Defense Counsel's Declaration of 11 Jan 2017 at 1.

(1) Whether there has been a dramatic change in the penalty landscape or exposure;

(2) Whether sentencing was by members or a military judge alone;

(3) Whether the nature of the remaining offenses captures the gravamen of criminal conduct included within the original offenses and whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses; and

(4) Whether the remaining offenses are of the type with which appellate judges should have the experience and familiarity to reliably determine what sentence would have been imposed at trial.

*Winckelmann*, 73 M.J. at 15-16. Considering all the circumstances of the appellant's case, we find that we can reassess the sentence and that it is appropriate for us to do so.

First, the appellant elected to be sentenced by a military judge, and we are more likely to be certain of what sentence the military judge, as opposed to members, would have imposed. Second, we have extensive experience and familiarity with the remaining offenses and are confident we can reliably determine what sentence would have been imposed at trial. Finally, and most important to our analysis, after setting aside the facts relevant to the appellant's conviction for attempted indecent exposure, we are still left with a scenario in which the appellant engaged in multiple indecent conversations with a person he believed was a 15-year old girl. The appellant repeatedly expressed in explicit detail his desire to engage in various sex acts with this person and, on more than one occasion, tried to entice the person to send the appellant naked photos of herself. In light of these facts, we find that setting aside the appellant's conviction for attempted indecent exposure has not changed the gravamen of the appellant's conduct; there is not a dramatic change in the penalty landscape. Accordingly, we are firmly convinced that absent the error in accepting the appellant's plea to attempted indecent exposure, the military judge would have imposed the same sentence.

## C. Sentence appropriateness

Finally, the appellant also alleges that a sentence which includes a bad-conduct discharge and six months' confinement is inappropriately severe. We disagree.

This court reviews *de novo* questions concerning the severity of an appellant's sentence. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized

consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)). However, despite our significant discretion in reviewing the appropriateness of a sentence, we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 145-47 (C.A.A.F. 2010).

In this case, the appellant benefited from a favorable PTA, and he enjoyed a generous adjudged sentence in light of his admitted behavior. While we acknowledge the possible impact the appellant's three deployments—namely serving with a truck company detailed with removing casualties and the deceased from the streets of Baghdad—may have had on his mental health, we note that these were not uncommon experiences for countless service men and women on deployment who did not engage in subsequent criminal behavior. And, while we also acknowledge the appellant's mitigating efforts regarding his conduct—terminating contact with Savannah on his own volition and starting counseling—we find that this evidence contributed to the comparatively light sentence he received. For all these reasons, we conclude that the appellant's sentence was not inappropriately severe.

### III. CONCLUSION

The guilty findings to Charge II and its sole specification are set aside. The remaining guilty findings and the sentence, as approved by the CA, are affirmed.

Senior Judge MARKS and Judge RUGH concur.

For the Court



R. H. TROIDL
Clerk of Court